**10160**    *PA9349B*

**(PR)**

**RMW**

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2  Name _Mills          Kennetth          W_

3      (Last)           (First)           (Initial)

4  Prisoner Number _T-79085_

5  Institutional Address _Salinas Valley State Prison - 125 Alder_
6  _St. Solenad, CA. - 93960-1050_

7            **UNITED STATES DISTRICT COURT**
8          **NORTHERN DISTRICT OF CALIFORNIA**

_Kennetth Wayne Mills_

9  (Enter the full name of plaintiff in this action.)

**C 07 5422**

10         vs.

11  _Board of Prison Terms Et. Al._    Case No. _____
                              (To be provided by the Clerk of Court)
12  _California Department of Corrections_
               _N/A_       **COMPLAINT UNDER THE**
13                           **CIVIL RIGHTS ACT,**
               _N/A_       **Title 42 U.S.C § 1983**
14

15  (Enter the full name of the defendant(s) in this action)

16  *[All questions on this complaint form must be answered in order for your action to proceed..]*

17  1.    Exhaustion of Administrative Remedies.

18      **[Note:** You must exhaust your administrative remedies before your claim can go

19      forward. The court will dismiss any unexhausted claims.]

20      A.    Place of present confinement _Salinas Valley State Prison_

21      B.    Is there a grievance procedure in this institution?

22              YES (X)    NO ( )

23      C.    Did you present the facts in your complaint for review through the grievance

24          procedure?

25              YES ( )    NO (X)

26      D.    If your answer is YES, list the appeal number and the date and result of the

27          appeal at each level of review. If you did not pursue a certain level of appeal,

28          explain why. _N/A_

COMPLAINT                        - (1 - of 8)

1. Informal appeal _____

2. First formal level _____

3. Second formal level _____

4. Third formal level _____

E.    Is the last level to which you appealed the highest level of appeal available to you?

   YES ( )    NO ( )

F.    If you did not present your claim for review through the grievance procedure, explain why. _THIS IS A COURT/LAWFUL ACTION?_

II.    Parties.

A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

_KENNETH WAYNE MULL-T-19095-SALINA VALLEY STATE PRISON-725 PALM STREET-SOLEDAD CA-93960-1050_ "N/A"

B.    Write the full name of each defendant, his or her official position, and his or her place of employment. _CALIFORNIA BOARD OF PRISON TERMS ET. AL._

COMPLAINT                    (2 of 8)

"CALIFORNIA DEPARTMENT OF CORRECTIONS"

III.    Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

I THE "APPELLATE" HEREBY bring THIS ACTION (AND HAVE AN EVENDENTIAL HEARING ON THIS MATTER TO THE "DISTRICT COURT" ON THE "VERY PREJUDICAL "IN JURIOUS" ACTIONS of DEFENDANTS" THAT "COST ME TIME OUT OF MY LIFE" IVE "LOST EVERYTHING I OWNED "BECAUSE OF" DEFENDANT AND PUBLIC DEFENDER ELENA D'AGUSTINO." ON 01-28-01 PLAINTIFF "HAD A "PROBATION REVOCATION HEARING "IN "SOLANO COUNTY" "CITY" OF VALLEJO "SUPERIOR COURT OF CA." JUDGE ALLEN P. CARTER "PRESIDING FOR CASE NO. VCR147775." JUDGE CARTER RULED "ALLEGATIONS THAT DEFENDANT VIOLATED A "TERM OF PROBATION "WAS" DISMISSED. "EX-WIFE WOULD TESTIFY AGAINST ME" I "WASN'T RELEASED" I HAD "NO LAWFUL SPEEDY TRIAL" I WAS "INSTEAD SENT TO PRISON FOR CASE NO. VCR147775" WHICH I RECIEVED "PRISON # T90895."

IV.    Relief "WHICH I HAVE TO THIS DATE!"

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

"I WANT THE "COURT TO HOLD A HEARING "ON THE "REASON I WANT ALLOWED" A "SPEEDY TRIAL "FOR CRIM. CASE NO. VCR147775" AND TO BE "COMPENSATED

COMPLAINT                    (-3 OF 8)

1  FOR EVERY DAY" IVE BEEN* ILLEGALLY IMPRISONED,"

2  ALSO I WANT THE COURT to RELEASE ME FROM PRISON

3  AND TO TAKE BACK PRISON No. T-90851 IVE HAD FOR 16½ YEARS

4  (SEE ATTACHED Status Summary & Denver Habeas Corpus COURT OF APPEAL

5  REQUEST TO BE PROVIDED FOR RELIEF ASSEMBLY BILL§1302 (COMPENSATION)

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of OCTOBER _____ , 20 0 7

_Kennett Mill_

(Plaintiff's signature)

COMPLAINT                           4 of 8



1
2
3
4
5
6
7
8

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

9  In re

10 Kenneth Mills,

11

12 On Habeas Corpus.

13 _____/

No. 07F03696      Dept. 41

**ORDER TRANSFERRING**

**PETITION**

14

15     The petition of Kenneth Mills for a writ of habeas corpus

16 filed in this court on April 11, 2007, alleges that he has

17 failed to receive effective counsel regarding certain court

18 proceedings. Good cause appearing,

19     IT IS HEREBY ORDERED that the petition is transferred to

20 the court of the county where petitioner was sentenced, the

21 Superior Court in and for the County of Los Angeles, pursuant to

22 Rule 4.552(b) of the California Rules of Court and *Griggs v.*

23 *Superior Court* (1976) 16 Cal.3d 341.

24

25     DATED: June 8, 2007

26

27                         JUDGE OF THE SUPERIOR COURT

28                         EMILY E. VASQUEZ

D1-3456

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 1



In re KENNETH MILLS on Habeas Corpus.

A115580
Solano County No. VCR147775

BY THE COURT:

The petition for writ of habeas corpus is denied.

The justices participating in this matter were:

Presiding Justice Marchiano, Justice Swager and Justice Margulies

**FILED**
OCT 2 6 2006
Court of Appeal · First App. Dist.
DIANA HERBERT
By _____ DEPUTY

*386 DAYs For this*
*HABEAS conque to Be*
*Responce, too*
*TODAY's DATE*
*September 05th 2007*

*Due Process Viobtion*
*Kenneth Mills*
*F40098*

Date: ___OCT 2 6 2006___          MARCHIANO, P.J. _____ P.J.

*THIS Dont logues Bey A NATionl person No*
*Where As LAW DEMANDS Recieyen this 09-05-07*
*Kenneth Mill Violation of Due process*
*of HABEAS conque petition*
*(160) DAYs to HAVE Response*
*Mill*

orcc1a          (5 of 8)

B193456
6 OF 43

MC-275

Name _KENNETH WAYNE MILLS_

Address _SALINAS VALLEY STATE PRISON CO-41/3LL_

_125 ALDER STREET_

_SOLEDAD, CA. 93960-1050_

CDC or ID Number _T49095_

_CALIFORNIA SUPREME COURT_
_350 McALLISTER St. S.F. CA. 94102_

(Court)

**PETITION FOR WRIT OF HABEAS CORPUS**

_KENNETH WAYNE MILLS_
Petitioner

vs.

_SUPERIOR COURT OF CA. JUDGE CYNTHIA_
Respondent _RALVIS - NORWALK COURTHOUSE_

No. _____

_(To be supplied by the Clerk of the Court)_

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

(148) PAGES TOTAL
PROOF OF SERVICE ENCLOSED (BY MAIL)

*PL93456*

*7 OF 43*

**This petition concerns:**

☒ A conviction          ☐ Parole

☐ A sentence            ☐ Credits

☐ Jail or prison conditions    ☐ Prison discipline

☐ Other *(specify):* _____

1. Your name: "KENNETH WAYNE NELUS"

2. Where are you incarcerated? "SALINAS VALLEY STATE PRISON" (D-4/13/L)

3. Why are you in custody?  ☒ Criminal Conviction    ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   "MAYHEM - ASSAULT W/ DEADLY WEAPON CAUSING INJURIES"

   "N/A"

   b. Penal or other code sections: "§§ 205 - 245(a)"

   c. Name and location of sentencing or committing court: "SUPERIOR COURT OF CALIFORNIA, -

   COUNTY OF LOS ANGELES - NORWALK COURT HOUSE"

   d. Case number: "VA088677"

   e. Date convicted or committed: "JUNE 06th 2006"

   f. Date sentenced: "AUGUST 28th 2006"

   g. Length of sentence: "LIFE + (6) YEARS"

   h. When do you expect to be released? "NOT KNOWN"

   i. Were you represented by counsel in the trial court?  ☐ Yes.  ☒ No.  If yes, state the attorney's name and address:

   "PROPRIA PERSONA" (PRO-PER) (DEFENDING ONES SELF)

   "N/A"

4. What was the LAST plea you entered? *(check one)*

   ☒ Not guilty    ☐ Guilty    ☐ Nolo Contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

6. **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

THE TRIAL COURT OVER STEPPED BOUNDRIES;
"SPEEDY TRIAL VIOLATIONS" (601 DAYS VIOLATION;
"SUPERIOR COURT JUDGE LARRY KNUPP UNLAWFULLY STOPPED COURT
PROCEEDINGS FOR PEN. C SECTION §1368;

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

PETITIONER IS SEEKING RELIEF "FROM "PROCEDURE DEFAULT" AND "PETITIONER
IS CLAIMING SERIOUS INJURIES" (MENTAL & PHYSICAL) DUE TO "ILLEGAL
INCARCERATION" THATS VERY PREJUDICIAL TO APPELLATE; (SPEEDY TRIAL VIOLATIONS)
I "MADE APPEARANCE" IN "NORWALK SUPERIOR COURTHOUSE" WITH
SUPERIOR COURT JUDGE (OF CALIF.) "LARRY KNUPP" PRESIDING "OVER MY
"CRIMINAL TRIAL"; (CASE NO. VA096077) "SEPTEMBER 06 2006; (I APPEARED
UNDER PROPRIA-PERSONA) (MY "CONSTITUTIONAL RIGHTS to SPEEDY TRIAL BEGAN"
MY "RIGHTS TO 601 DAYS TO SPEEDY TRIAL" BEGAN.
I "MADE APPEARANCE" to "NORWALK COURTHOUSE" (NOVEMBER 02
NO 2006) WITH "PRESIDING JUDGE "LARRY KNUPP. AT THIS TIME THE
"DEPUTY DISTRICT ATTORNEY" STATE; "I DONT THINK HES COMPETENT
JUDGE; (AT THIS TIME APPELLANT "MADE "NO UNRULY ACTIONS" to HAVE
TRIAL STOPPED) "JUDGE LARRY KNUPP HAULTED PROCEEDINGS "FOR PEN. C §1368.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

#1; FEDERAL CONSTITUTION ISSUE - REVIEW, (PETITION);
#2; CONSTITUTIONAL RIGHTS to SPEEDY TRIAL (60-DAYS);
#3; CONSTITUTION of THE UNITED STATES - AMENDMENTS V-VI-VIII
#X-XIV; "IMMUNITY OF STATE HOSPITAL VIOLENT ACT;
#5; "CRC RULE #29 - RULE #4.100 "RULE NO. 4.110";

7. Ground 2 or Ground _____ (if applicable):

THE "TRIAL COURT" SUPERIOR COURT OF CA. JUDGE "CYNTHIA RAY-
VIS" "VIOLATED MY CONSTITUTIONAL RIGHTS" TO "SPEEDY TRIAL":
"FEBURARY 08th 2006" I "LODGED A PEN. C§170.6" (DISQUALIFIER) AGAINST
AGAINST SUPERIOR COURT (OF CA) JUDGE LARRY KNUPP-NORWALK COURTHOUSE

a. Supporting facts:

PETITIONER IS CLAIMING SERIOUS UNLAWFUL ACTIONS AGAINST
"SUPERIOR COURT JUDGE "CYNTHIA RAYVIS" THATS "VERY PREJUDICIAL"
TO "APPELLANT AND UNLAWFULLY IMPRISONED APPELLATE."
ON "FEBURARY 08th 2006" APPELLATE MADE APPEARANCE IN THE
SUPERIOR COURT OF CALIFORNIA - COUNTY OF LOS ANGELES - NORWALK COURT
HOUSE - "SUPERIOR COURT JUDGE "CYNTHIA RAYVIS" PRESIDING
OVER MY CRIMINAL CASE NO. VA088677.
APPELLANT HAS "AWAITED FIFTY SEVEN (57) DAYS FOR CONSTI-
TIONAL (60) DAYS "SPEEDY TRIAL (APPELLATE WAS APPEARING UNDER
PROGIA - PERSONA (PRO-PER - DEFENDING ONES SELF IN CRIMINAL
TRIAL) APPELLATE HAS BEEN "TRANSFERED" FROM SUPERIOR COURT
OF CA. JUDGE "LARRY KNUPP COURT ROOM FOR PREJUDICIAL ACTIONS
COMMITTED AGAINST APPELLATE. APPELLATE FILED A PEN. C SECTION
§170.6 "AND" DISQUALIFIED SUPERIOR COURT JUDGE "LARRY KNUPP"
FROM "HEARING/PRESIDING" OVER MY CRIMINAL CASE NO. VA088677.
APPELLATE WAS SENT "NEXT DOOR "TO "SUPERIOR COURT
JUDGE (OF CA.) "CYNTHIA RAYVIS" TO CONTINUE MY CRIMI-
NAL TRIAL (VA088677) INSTEAD OF CONTINUING FROM "57 OF 60" MY CRIM.
TRIAL WAS STARTED ANEW. (0 60).

b. Supporting cases, rules, or other authority:

RIGHT TO SPEEDY TRIAL SEE CRIMINAL LAW §§ 2080 ET..SEQ... AND
[EN2] IN RE YUNG (1808) 1 CAL.APP. 772, 96 P.24;
42167 CALIFORNIA JURISPRUDENCE 3d CRIMINAL LAW: POST-
TRIAL PROCEEDINGS;
22C CAL. JUR.3d CRIMINAL LAW: POST TRIAL PROCEEDINGS
§907; CAL.RPR.3d 779,110 CAL.APP. 944 492. PEOPLE V. SMITH (2003)

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☒ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): *"HAVENT HEARD"*

b. Result *HAVENT HEARD*    c. Date of decision: *HAVENT HEARD*

d. Case number or citation of opinion, if known: B193456

e. Issues raised: (1) ILLEGAL IMPRISONMENT/ P.C. §1368(a) Violation

(2) "NOT GIVEN ATTORNEY FOR COMPETENCY HEARING PER §1368

(3) "N/A"

f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:

$ SALLY PATRONE BRAJEVICH (SBN 16(863)

9. Did you seek review in the California Supreme Court? ☐ Yes ☐ No. If yes, give the following information:

a. Result _____    b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

APPEAL ATTORNEY (SALLY P. BRAJEVICH) REFUSES TO RAISE VIOLATION OF SPEEDY TRIAL (60) DAYS

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

THIS A COURT/APPEAL ISSUE NOT A ADMINISTRATIVE ISSUE!

b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

MC-275 (Rev. July 1, 2005)    **PETITION FOR WRIT OF HABEAS CORPUS**    Page five of six

B193456
11075

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: STATE BAR OF CALIFORNIA

(2) Nature of proceeding (for example, "habeas corpus petition"): COMPLAINT (MOTIONS & Petition)

(3) Issues raised: (a) (60) DAY SPEEDY TRIAL VIOLATIONS

(b) ATTORNEY NOT GIVEN FOR PC §1368 HEARING

(4) Result (Attach order or explain why unavailable): NOT KNOWN - ON GOING

(5) Date of decision: "N/A"

b. (1) Name of court: "N/A"

(2) Nature of proceeding: "N/A"

(3) Issues raised: (a) "N/A"

(b) "N/A"

(4) Result (Attach order or explain why unavailable): Ace acting

(5) Date of decision: None

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
N/A
N/A

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
APPEAL ATTORNEY SALLY PATRONE BRAJEVICH
REFUSES TO PLACE IN CRIM. APPEAL (B193456) SPEEDY
TRIAL VIOLATIONS

16. Are you presently represented by counsel? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:
SALLY PATRONE BRAJEVICH - 1379 PARK
WESTERN DRIVE #916 - SAN PEDRO CALIF. 90732

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:
"N/A"
"N/A"

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
SUPERIOR COURT OF CALIFORNIA - NORWALK SUPERIOR
COURT - JUDGES LARRY KNUPP & CYNTHIA RAYUS COMMITTED
VIOLATIONS AGAINST ME

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 10 - 2007                    ▶ Kenneth Mill
(SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]        **PETITION FOR WRIT OF HABEAS CORPUS**        Page six of six

"KENNETH W. MILLS"
"SALINAS VALLEY STATE PRISON D-4/131L"
"SOLEDAD, CALIFORNIA"
"93960-1050"

"CALIFORNIA SUPREME COURT"
"350 McALLISTER ST. S.F. CA. 94102

PETITION FOR WRIT OF HABEAS CORPUS

| | |
|---|---|
| KENNETH W. MILLS" PETITIONER/ vs. "SUPERIOR COURT OF CA. JUDGE CYNTHIA RAYVIS-NORWALK COURT-HOUSE RESPONDENT | NO.____ (TO BE SUPPLIED BY CLERK OF COURT) REQUEST FOR APPOINTMENT OF COUNSEL AND DECLARATION OF INDIGENCY- ON HABEAS CORPUS- |

"I" "KENNETH MILLS DECLARE" THAT I'M THE PETITIONER TO THE "ABOVE-REFERENCED MATTER", THAT I AM INCARCERATED AT "SALINAS VALLEY STATE PRISON D-4/131L", AND THAT "I AM INDIGENT AND "UNABLE TO AFFORD COUNSEL." MY "TOTAL ASSETS" ARE $ O "AND MY "INCOME IS $ O "PER MONTH.

I HEREBY "REQUEST THAT COUNSEL BE APPOINTED IN THIS MATTER" SO MY "INTERESTS" MAY BE "PROTECTED" BY THE "PROFESSIONAL ASSISTANCE REQUIRED." IN "addition, when A "COURT ISSUES AN ORDER" TO "SHOW CAUSE," COUNSEL "MUST BE APPOINTED FOR AN INDIGENT PRISONER" WHO "RE-QUESTS COUNSEL." (CALIFORNIA RULES OF COURT, RULE NO. 4, 551 (C) (2).]

I DECLARE UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUES CORRECT & THAT DECLARATION WAS EXECUTED ON OCT. 2007
Kenneth Mills T-49085 D-4/131L

*B193456*
*130 of 13*

High Desert State Prison
P.O. Box 750
Susanville, CA  96127-0750

03/19/02

SOLANO COUNTY SUPERIOR COURT
HALL OF JUSTICE, NORTH WING
600 UNION AVENUE
FAIRFIELD, CA  94533

RE: MILLS, KENNETH                    Date of Arrest:
CDC#: T-19095                         Booking #:
Case #: VCR147775                     Report #:
Sentence Date: 06/01/01               Charge:

Dear Sir:

The above identified Subject has been sentenced to the California
Department of Corrections from your County.  We have not received
the following documents/information on the above case.  It is of
the utmost importance these documents/information are received to
properly record the commitment. *CDC NEVER RECIEVED Documents that was*
*To Accountany ME to Prison. Shows Illegal Impri-*
( ) INFORMATION                      *sonment mill T-19095*
( ) PROBATION OFFICERS REPORT
( ) CERTIFIED COPY OF ABSTRACT OF JUDGMENT - COMMITMENT
( ) TRANSCRIPT OF PROCEEDINGS AT TIME OF SENTENCING
(XXX) MINUTE ORDER –CERTIFIED
( ) ARREST REPORT/INVESTIGATIVE REPORT

Your cooperation in this matter is greatly appreciated.

Sincerely,   *THIS WAS To Accountany ME to Prison*
             *But IT Dicn't. Illegally Imprisoned*
D. L. RUNNELS *06/2001 Prison T-19095 - CASE No. VCR147775*
WARDEN       *(which was Dismissed on 01-29-01 By Superior*
             *Court Judge Allan Carter At Probation*
D. SADER     *Revocation Hearing.*
Correctional Case Records Manager
(530) 251-5100 EXT. 5574
             *Kennett mill T-19095*

cc:  Central File
     Inmate
        *(6 of 8)*

RECEIVED
SOLANO COUNTY COURTS
COUNTY OF SOLANO
02 MAR 22 PM 1:42

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT, DIVISION EIGHT

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** ) | |
| ) | Court of Appeal |
| Plaintiff and Respondent, ) | No. B193456 |
| **v.** ) | |
| ) | Los Angeles County |
| **KENNETH W. MILLS,** ) | Superior Court |
| ) | No. VA088677 |
| Defendant and Appellant. ) | |

APPEAL FROM THE JUDGMENT OF
THE SUPERIOR COURT OF LOS ANGELES COUNTY
THE HONORABLE LARRY S. KNUPP AND CYNTHIA RAYVIS JUDGES

**MOTION TO AUGMENT THE RECORD ON APPEAL**

SALLY P. BRAJEVICH
1379 Park Western Drive, # 316
San Pedro, California 90732
Telephone: (310) 832-9385
Fax: (310) 832-9684
State Bar No. 161863

Attorney for Appellant
KENNETH W. MILLS

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT, DIVISION EIGHT

---

**THE PEOPLE OF THE STATE OF CALIFORNIA,**

Plaintiff and Respondent,

v.

**KENNETH WAYNE MILLS,**

Defendant and Appellant.

B193456

---

## RESPONDENT'S REQUEST FOR PERMISSION TO FILE OVERSIZED SUPPLEMENTAL LETTER BRIEF

TO THE HONORABLE PRESIDING JUSTICE, AND TO THE HONORABLE ASSOCIATES JUSTICES OF THE CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT, DIVISION EIGHT:

Respondent hereby requests permission to file an oversized supplemental letter brief exceeding 2,800 words within the meaning of Rule 8.520(d)(2) of the California Rules of Court.

/

/

/

*B193456*

*16 OF 43*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT, DIVISION EIGHT

---

**THE PEOPLE OF THE STATE OF CALIFORNIA,**

                Plaintiff and Respondent,

     v.

**KENNETH WAYNE MILLS,**

                Defendant and Appellant.

B193456

---

## RESPONDENT'S REQUEST FOR PERMISSION
## TO FILE OVERSIZED SUPPLEMENTAL LETTER BRIEF

       TO THE HONORABLE PRESIDING JUSTICE, AND TO THE HONORABLE ASSOCIATES JUSTICES OF THE CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT, DIVISION EIGHT:

       Respondent hereby requests permission to file an oversized supplemental letter brief exceeding 2,800 words within the meaning of Rule 8.520(d)(2) of the California Rules of Court.

/

/

/

*[handwritten: B193456 / MO143]*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT, DIVISION EIGHT

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** | ) |
| | ) |
| | ) Court of Appeal |
| Plaintiff and Respondent, | ) No. B193456 |
| **v.** | ) |
| | ) Los Angeles County |
| **KENNETH W. MILLS,** | ) Superior Court |
| | ) No. VA088677 |
| Defendant and Appellant. | ) |
| | ) |

## I.

## MOTION TO AUGMENT THE RECORD ON APPEAL

Appellant respectfully requests pursuant rules 8.155 and 8.324 of the California Rules of Court for an order augmenting the record on appeal as specified herein. Appellate counsel has made no previous requests for augmentation. Appellant requests the following: *[handwritten: supposed to be November 6208 2005 was no that the day date]*

Reporter's Transcript of November 11, 2005, Southeast Dept. SES, Judge Larry S. Knupp, Reporter Linda Peralta, where the prosecutor declared a doubt as to appellant's mental competency pursuant to Penal Code section 1368, and criminal proceedings were suspended; *[handwritten left margin: No report Rters Trans mpts Ther 2016 mills B198456]*

2) Reporter's Transcript of December 28, 2005, Southeast Dept. SES, Judge Larry S. Knupp, Reporter Linda Peralta, where the competency hearing pursuant to Penal Code section 1368, was continued; *[handwritten: (7of7)]*

3) Reporter's Transcript of February 8, 2006, Southeast Dept. SES, Judge Larry S. Knupp, Reporter Linda Peralta, where the trial court granted appellant's

1

*[handwritten: (1 of 22)]*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT, DIVISION EIGHT

---

**THE PEOPLE OF THE STATE OF CALIFORNIA,**

Plaintiff and Respondent,

v.

**KENNETH WAYNE MILLS,**

Defendant and Appellant.

B193456

---

## RESPONDENT'S REQUEST FOR PERMISSION TO FILE OVERSIZED SUPPLEMENTAL LETTER BRIEF

TO THE HONORABLE PRESIDING JUSTICE, AND TO THE HONORABLE ASSOCIATES JUSTICES OF THE CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT, DIVISION EIGHT:

Respondent hereby requests permission to file an oversized supplemental letter brief exceeding 2,800 words within the meaning of Rule 8.520(d)(2) of the California Rules of Court.

/

/

/



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT, DIVISION EIGHT

**THE PEOPLE OF THE STATE OF CALIFORNIA,**

Plaintiff and Respondent,

v.

**KENNETH WAYNE MILLS,**

Defendant and Appellant.

B193456

Los Angeles County Superior Court No. VA088677
The Honorable Cynthia Rayvis, Judge

## RESPONDENT'S REQUEST FOR PERMISSION TO FILE OVERSIZED SUPPLEMENTAL LETTER BRIEF

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

PAMELA C. HAMANAKA
Senior Assistant Attorney General

LAWRENCE M. DANIELS
Supervising Deputy Attorney General

STEPHANIE C. BRENAN
Deputy Attorney General
State Bar No. 183790

300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 897-2056
Fax: (213) 897-6496

Attorneys for Respondent

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT, DIVISION EIGHT

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** | ) |
| | ) |
| | ) Court of Appeal |
| Plaintiff and Respondent, | ) No. B193456 |
| **v.** | ) |
| | ) Los Angeles County |
| **KENNETH W. MILLS,** | ) Superior Court |
| | ) No.VA088677 |
| Defendant and Appellant. | ) |
| | ) |

## I.

## MOTION TO AUGMENT THE RECORD ON APPEAL

Appellant respectfully requests pursuant rules 8.155 and 8.324 of the California Rules of Court for an order augmenting the record on appeal as specified herein. Appellate counsel has made no previous requests for augmentation. Appellant requests the following:

Reporter's Transcript of November 11, 2005, Southeast Dept. SES, Judge Larry S. Knupp, Reporter Linda Peralta, where the prosecutor declared a doubt as to appellant's mental competency pursuant to Penal Code section 1368, and criminal proceedings were suspended;

2) Reporter's Transcript of December 28, 2005, Southeast Dept. SES, Judge Larry S. Knupp, Reporter Linda Peralta, where the competency hearing pursuant to Penal Code section 1368, was continued;

3) Reporter's Transcript of February 8, 2006, Southeast Dept. SES, Judge Larry S. Knupp, Reporter Linda Peralta, where the trial court granted appellant's

1

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT, DIVISION EIGHT

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** | ) |
| | ) |
| | ) Court of Appeal |
| Plaintiff and Respondent, | ) No. B193456 |
| v. | ) |
| | ) Los Angeles County |
| **KENNETH W. MILLS,** | ) Superior Court |
| | ) No. VA088677 |
| Defendant and Appellant. | ) |
| | ) |

DECLARATION OF SALLY P. BRAJEVICH IN SUPPORT OF
MOTION TO AUGMENT RECORD ON APPEAL

SALLY P. BRAJEVICH declares under penalty of perjury:

I am the attorney appointed to represent appellant Kenneth W. Mills for this appeal.
All of the factual statements made in the motion to augment the record are true and
correct to the best of my knowledge.  I have requested permission to file a letter brief
asserting it was reversible error to neglect to appoint counsel to represent appellant
during the competency proceedings pursuant to Penal Code section 1368.  Counsel
discovered the issue after the Appellant's Opening Brief had been filed, and prior to
the filing of the Respondent's Brief. The materials sought to be included in the record
are necessary for a proper determination of the appeal.

Executed on May 14, 2007, at San Pedro, California.


_____
SALLY P. BRAJEVICH
Attorney for Appellant
KENNETH W. MILLS

← No Signature to be a valid
Declaration KM

4

(2 of 2) (2007)

B193456

# SALLY P. BRAJEVICH

Attorney at Law
1379 Park Western Drive, #316
San Pedro, California 90732
Telephone: (310) 832-9385
Fax: (310) 832-9684

May 14, 2007

**LEGAL MAIL**          **Privileged Attorney-Client Communications**

Mr. Kenneth W. Mills          T-19095
CSP - SAC
P.O. Box 29
Represa, CA 95671

Re:     *People v. Kenneth W. Mills*
        Court of Appeal No. B193456
        <u>Superior Court No. VA088677</u>

Dear Mr. Mills:

Enclosed is a copy of a letter brief I filed with the Court of Appeal.  I have argued the trial
court committed reversible error when it failed to appoint counsel to represent you during the
competency proceedings.  A copy of the motion to augment the record which was filed is also
enclosed.

*speedy trial Issues (60 days) Appeal Attorney went
Place in Appeal.*

When there is a development in your case I will notify you.

*Mills B193456*

Very truly yours,

Sally P. Brajevich

*← Not correct signature to be valid
under laws of California.
A deliberate attempt KM
to exceed Rules*

Enclosures (motion to augment, letter brief)

*[handwritten top margin: "In Rearb... Supreme court ... 77" / "2308" / "Inquiry 07-12239" / "State Bar No."]*

## SALLY P. BRAJEVICH

**Attorney at Law**

1379 Park Western Drive, #316
San Pedro, California 90732
Telephone: (310) 832-9385
Fax: (310) 832-9684

March 5, 2007

**LEGAL MAIL**          **Privileged Attorney-Client Communications**

Mr. Kenneth W. Mills          T-19095
N.K.S.P.  D-6 127L
P.O. Box 5000
Delano, CA 93216

*[handwritten: "IM REQUESTING to have original copy of this document to send to SUPREME court of California. THANK You!" / "Kenneth Mill T-19095" / "Illegal Imprisonment with Appeal Att. Conspiracy against me. Kenneth Mill T-19095"]*

Re:   *People v. Kenneth W. Mills*
       Court of Appeal No. B193456
       <u>Superior Court No. VA088677</u>

Dear Mr. Mills:

You recent lettered stated your sister had hired an attorney to represent you in the Court of Appeal and in the <u>California Supreme Court</u>.  Please have the attorney file a <u>Motion for Substitution of Attorney</u> with the Court of Appeal and serve me with a copy.  As soon as the Court of Appeal grants the substitution motion I will be able to withdraw from your case. Until then, I have a duty to represent you.

You mentioned you addressed another correspondence to my husband at his office.  To insure all of your communications reach me please make sure they are sent to me at the address noted above.

*[handwritten: "Illegal incarceration which Appeal Attorney went along in Appeal Mills B193456"]*

<u>Your letter mentions a speedy trial violation.</u>  As I have explained repeatedly on February 6, 2007, and January 16, 2007, this is not a viable issue.  A criminal defendant must be brought to trial within 60 days following his arraignment.  In your case 60 days after the arraignment would have been Monday November 6, 2005, since the 60th day fell on a Saturday, and the matter is continued to the following court date.  However, on November 2, 2005, the prosecutor declared a doubt as to your competency, and the trial court suspended criminal proceedings so that your competency could be evaluated as the law requires under Penal Code section 1368.  The courts have determined a delay past day 60 to evaluate competency constitutes "good cause," and does not violate the defendant's speedy trial rights.  (*Craft v. Superior Court* (2006) 140 Cal.App.4th 1553, 1544.)  This means it was legal for the trial to be delayed past November 6, 2005.

*[handwritten right margin: "57 of 60 days for speedy trial" / "PRO PER" / "I APPEARED" / "Pro Per as propia person"]*
*[handwritten left margin: "Trial unlawfully stopped" / "Trial unlawfully stopped"]*

You were found <u>competent</u> and <u>criminal proceedings</u> resumed on February 8, 2006.  (1CT

*[handwritten bottom: "key words" / "(1 of 4)  (4 of 6)  (3 of 6)  17 of 22" / "Continued days to have from place of stoppage me in trial"]*

53-54.) You filed a motion claiming a speedy trial violation on February 24, 2006. (1CT 55.) The courts have determined when criminal proceedings are resumed following a competency evaluation under Penal Code section 1368, the time starts at 0 of 60 again. The clock resets at zero. (Pen. Code, § 1382(a)(2); *People v. Love* (2005) 132 Cal.App.4th 276, 285.) Penal Code section 1382(a)(2) states unless good cause is shown the trial court should dismiss:

> "In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) . . ."

This means after you were found competent on February 8, 2006, the clock was reset at 0 of 60 and the court had 60 days to try you, on or before April 10, 2006 (which was a Sunday), giving the court until Monday, April 10, 2006, which is when your first trial began. (1CT 70.) Consequently, I am unable to raise this issue on appeal.

You mentioned the witnesses at trial lied about your statement/gesture that you poked the victim's eyes out with your fingers. This will be a difficult hurdle to overcome on appeal, since the jury heard the testimony against you, found the charges to be proven, and convicted you.

I also received your paperwork indicating you wish to proceed with the appeal despite the risk of a possible adverse consequence. The appeal is proceeding.

You have indicated you do not want me representing you. Unfortunately there is no right to represent yourself on appeal. Please be assured that I am diligently working on your case, and I want the best possible outcome for you.

You have also requested a copy of your trial transcripts. I have a copy of the trial transcripts in case number VA088677. You are only provided with one copy which I need to prepare the appeal. There is no right to represent yourself on appeal. If there is a specific witness you would like the testimony from, I can copy a portion of the record for you now. However, I need the transcripts until the state appeal is over. At that time I will promptly sent the records to you.

*[Handwritten top margin: B18456 2 5 0f 93    A-N-0-1867    07-12239    Trying To Help Myself / Speedy Trial Violaters]*

*[Handwritten left margin, vertical: By law I'm to LTTAC situations from Representing me at my competency hearing where I found Mills T-19095]*

Mr. Kenneth W. Mills
March 5, 2007
**Privileged Attorney-Client Communications**
3

California Appellate Project has forwarded some papers you had sent the Court of Appeal which the Court of Appeal sent back to California Appellate Project. The Court of Appeal will not accept pro per filings from you at this time because you are represented by counsel. Please suspend all pro per filings until the completion of the state appeal.

*[Handwritten: I'm Indigent, Can't even help myself]*

In your papers you questioned whether the verdict forms were appropriate, and whether the jury was polled properly. I reviewed the jury verdict forms in this case and everything is in order. You also question whether you were fully advised of the right to appeal after your conviction. You filed a timely notice of appeal, so this is not a viable appellate issue.

*[Handwritten: I made no statement]*

The file stamp by the Joseph Lane, Clerk of the Court of Appeal was another item you mentioned. Mr. Lane stamps routine orders. This is a common practice which does not present a viable appellate issue.

You elected to represent yourself at trial. Accordingly, you did not have an attorney represent you for the competency proceedings pursuant to Penal Code section 1368. You were not denied counsel for the competency hearings where you were found competent, you wanted to represent yourself, which is exactly what the trial court permitted.

*[Handwritten: Represent, his par must have counsel representing competency proceedings whether I want it done or not]*

Jail clothing was worn by you in the first trial which resulted in a hung jury. Since you were not convicted following that proceeding, this is not an issue which can be raised in this appeal.

*[Handwritten: I never made this an issue]*

After the first jury trial, the jury was unable to reach a unanimous verdict, there was a hung jury, and a mistrial was declared. However double jeopardy does not bar a retrial after a hung jury. (*People v. Batts* (2003) 30 Cal.4th 660, 679.) Unfortunately this is not an appealable issue.

*[Handwritten: was not declared in open court, appeal attorney refused to bring up on appeal my constitutional violations of speedy trial act.]*

Your letter mentions you had filed a complaint against me with the state bar. If there are specific matters you would like me to address I will be pleased to do so. I want the best for your appeal.

*[Handwritten: I requested for a speedy trial matter to be brought up in appeal. Attorney refused to bring up speedy trial violations, (constitutional violation) Kenneth Mill T-19095]*

Mr. Kenneth W. Mills
March 5, 2007
**Privileged Attorney-Client Communications**
4

With respect to the conditions at the jail, the taking of property, the lockdown conditions, lack of hot water, and the denial of access to the law library, you may want to file a prisoner's rights case at the following address:

Judge David S. Wesley
(re: Prisoner's Rights Cases)
Dept. 102
Clara Shortridge Foltz Criminal Justice Center
210 W. Temple Street
Los Angeles, CA 90012

Hopefully this information was beneficial. When there development in your case you I will notify you.

Very truly yours,

Sally P. Brajevich

---

*Handwritten annotations:*

260893   INQUIRY   07-12239   95?098

LTC

Sally P. Brajevich is THREE (3) SEPARATE words. The signature is only ((word)) (Letters All connected) unlawful. Kenneth Mill T-19095

(3) wording   1 2 3

BY THIS ac ATTORNEY Not Filed FOR SPEEDY trial violation FOR Criminal CASE NO. VA088677 Violations of Civil Rights 11/02/2005 CRIM. Trial For Said CASE was UNLAWFUL STOPPED BY SUPERIOR Court JUDGE LARRY KNUPP NOV.02.2005. I was A "PRO-PER" - I DIDNT Give MAKE ANY UNAPROPRIATE Actions IN SUPERIOR Court of CA. COUNTY of L.A, City of NORWALK. Im MENTALLY ill (DIAGNOSED) SO Im to BE STUPID - HAVE RIGHTS TAKEN BY JUDGE (Cynthia Rayvis) AND NOW "APPEAL ATTORNEY" I WANT to File A COMPLAINT on the "UNLAWFUL Actions" OF "ATTORNEY SALLY P. BRAJEVICH (161863) REQUESTED License to(4 of 4) PRACTICE LAW IN CALIFORNIA StarRed FOR UNLAWFUL Actions committed BY ATTORNEY AND Said TO NOT BE Allowed to DO HARM-FUL/UNLAWFUL Action to ANY ONE ELSE. THANK-You! GOD BLESS. Kenneth Mill T-19095 03/27/67
(26 of 22) (6 of 6)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

COURT OF APPEAL - SECOND DIST.
F I L E D
JUL 1 1 2007
JOSEPH A. LANE        Clerk
C. HON
Deputy Clerk

| In re | B200127 |
|---|---|
| | (Super. Ct. No. VA088677) |
| KENNETH MILLS | |
| | (Cynthia Rayvis, Judge) |
| on Habeas Corpus. | ORDER |

THE COURT*:

We have read and considered (1) the petition for writ of habeas corpus filed on June 28, 2007, [1] and (2) a document purporting to be an "amended" petition which was received and filed on July 3, 2007.

The petition, as amended, is denied for failure to allege sufficient facts demonstrating entitlement to relief. [2]

_____        _____        _____
*COOPER, P.J.,                    RUBIN, J.,                    BOLAND, J.

---

[1]  On the cover of his petition, petitioner wrote the case number (B193456) of his pending appeal from the conviction at issue in this writ proceeding. Petitioner is represented by counsel in the appeal. All legal contentions in the appeal must be raised by counsel. (See *People v. Scott* (1998) 64 Cal.App.4th 550; *In re Walker* (1976) 56 Cal.App.3d 225.) For this reason, and because a petition for a writ of habeas corpus is distinct from an appeal, the clerk of this court assigned a separate case number to the writ petition.

[2]  To the extent petitioner complains that an attorney should have been appointed for the competency proceedings, we note that the issue will be considered as part of petitioner's pending appeal as it was raised by petitioner's appellate counsel by way of a supplemental letter brief filed on May 15, 2007.

*[handwritten: D193456]*
*[handwritten: WG of 43]*
*[handwritten: with petitions I DONT HAVE TIME NEEDED]*
*[handwritten: I for these petitions]*

Name  *[handwritten: KENNETH W. MILLS]*

**~~ORIGINAL~~** F I L E D   MC-275

Address  *[handwritten: "SALINAS VALLEY STATE PRISON"]*

*[handwritten: "POST OFFICE BOX - 1050"]*

JUN 28 2007

*[handwritten: "SOLEDAD, CALIFORNIA 93960"]*

JOSEPH A. _____

By _____   Deputy

CDC or ID Number  *[handwritten: "T-19095"]*

*[handwritten: "COURT OF APPEAL OF STATE OF CA"]*
*[handwritten: "2ND APPELLATE District DIVISION (8)"]*
(Court)

**B200127**

PETITION FOR WRIT OF HABEAS CORPUS

Petitioner  *[handwritten: "KENNETH WAYNE MILLS"]*

*[handwritten: B193456]*   *[handwritten: B192141 8/1]*

vs.

No. _____

*[handwritten: B192165 8/1]*

(To be supplied by the Clerk of the Court)

Respondent  *[handwritten: "PEOPLE OF STATE OF CA" (CALIFORNIA)]*

*[handwritten: "B-193456"]*   *[handwritten: B193456 8/14]*
*[handwritten: B193530 8/1]*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.   *[handwritten: Where Should I file? I did at Least these by Kenneth MILLS T-19095 10/8-07]*

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or the prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6  *[handwritten: (6 of 9)]*

Form Approved for Optional Use
Judicial Council of California   PETITION FOR WRIT OF HABEAS CORPUS   Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

B193456    DIVISION 8

THE PEOPLE OF THE STATE OF CALIFORNIA,

296843

Plaintiff and Respondent,

vs.

KENNETH W. MILLS

Defendant and Appellant.

2d Crim. No. B193456

(Super. Ct. No. VA088677 )

O R D E R
Re: AUGMENTATION

☐ Appellant's motion to augment the record on appeal is granted.  The record on appeal is ordered augmented with:

    ☐   document(s) filed with the motion to augment as [exhibit(s)] _____ ;

    ☐   trial court exhibit(s) _____ ;

    ☐   the superior court file;

    ☐   the transcripts described below.

☐ The clerk of the superior court is ordered to have prepared (an) augmented reporter's transcript(s) of the following:

| | REPORTER'S NAME | DEPT. | DATE | NATURE OF PROCEEDINGS |
|---|---|---|---|---|
| 1. | LINDA PERALTA | SES | 11-11-05 | COMPETENCY PROCEEDINGS PC 1368 _THERE WERE NO COMPETENCY PROCEEDINGS THIS DATE_ |
| 2. | LINDA PERALTA | SES | 12-28-05 | COMPETENCY PROCEEDINGS PC 1368 . CONTINUED |
| 3. | LINDA PERALTA | SES | 2-8-06 | MOTION FOR NEW JUDGE CCP 170.6 GRANTED |
| 4. | LORI LYNN POON # 11168 | SET | 2-8-06 | COMPETENCY PROCEEDINGS PC 1368 ☐ see additional page(s) |

☐ The clerk of the superior court is ordered to prepare an augmented clerk's transcript consisting of the following:

| | DATE | DOCUMENT DESCRIPTION |
|---|---|---|
| 1. | | SEALED REPORT OF DR. MARSHALL CHERKAS _12304 SANTA MONICA BL #300 (IN FILE)_ |
| 2. | | SEALED REPORT OF DR. KAUSHAL SHARMA _PO BOX 6275 (IN FILE)_ |
| 3. | | |
| 4. | | ☐ see additional page(s) |

☐ An original and _____ copies of the above transcripts are to be prepared within 30 days of this order.  No requests for extensions of time will be granted.  **THE ORIGINAL AND ALL COPIES OF SEALED PROCEEDINGS ARE TO BE SENT TO THE COURT OF APPEAL ONLY.**  Otherwise, the original is to be delivered to the Court of Appeal, one copy to the Attorney General, and one copy to each party listed below:

(SO?)

☐ Appellant's opening brief is to be filed within _____ days of the filing of the augmented record.

☐ This Order continues on _____ additional page(s).    ___/___/___

(CAP Rev. 5-1-97)    Date    Presiding Justice

(16 of 22)    NO SIGNATURE TO BE A PROBS DEC-
CUMENT UNDER LAWS OF CALIFORNIA
RM

**\*25535 West's Ann.Cal.C.C.P. § 1209**

# WEST'S CALIFORNIA
# COURT RULES
# CODE OF CIVIL
# PROCEDURE
# PART 3. OF SPECIAL
# PROCEEDINGS OF A CIVIL
# NATURE
# TITLE 5. OF CONTEMPTS

*Current through Ch. 5 of 2007 Reg.Sess. urgency legislation*

## § 1209. Acts or omissions constituting; stay of sentence pending appeal

(a) The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

1. Disorderly, contemptuous, or insolent behavior toward the judge while holding the court, tending to interrupt the due course of a trial or other judicial proceeding;

2. A breach of the peace, boisterous conduct, or violent disturbance, tending to interrupt the due course of a trial or other judicial proceeding;

3. Misbehavior in office, or other willful neglect or violation of duty by an attorney, counsel, clerk, sheriff, coroner, or other person, appointed or elected to perform a judicial or ministerial service;

4. Abuse of the process or proceedings of the court, or falsely pretending to act under authority of an order or process of the court;

5. Disobedience of any lawful judgment, order, or process of the court;

6. Rescuing any person or property in the custody of an officer by virtue of an order or process of such court;

7. Unlawfully detaining a witness, or party to an action while going to, remaining at, or returning from the court where the action is on the calendar for trial;

8. Any other unlawful interference with the process or proceedings of a court;

9. Disobedience of a subpoena duly served, or refusing to be sworn or answer as a witness;

10. When summoned as a juror in a court, neglecting to attend or serve as such, or improperly conversing with a party to an action, to be tried at such court, or with any other person, in relation to the merits of such action, or receiving a communication from a party or other person in respect to it, without immediately disclosing the same to the court;

11. Disobedience by an inferior tribunal, magistrate, or officer, of the lawful judgment, order, or process of a superior court, or proceeding in an action or special proceeding contrary to law, after such action or special proceeding is removed from the jurisdiction of such inferior tribunal, magistrate, or officer.

**\*25536** (b) No speech or publication reflecting upon or concerning any court or any officer thereof shall be treated or punished as a contempt of such court unless made in the immediate presence of such court while in session and in such a manner as to actually interfere with its proceedings.

(c) Notwithstanding Section 1211 or any other provision of law, if an order of contempt is made affecting an attorney, his agent, investigator, or any person acting under the attorney's direction, in the preparation and conduct of any action or proceeding, the execution of any sentence shall be stayed pending the filing within three judicial days of a petition for extraordinary relief testing the lawfulness of the court's order, the violation of which is the basis of the contempt, except for such conduct as may be proscribed by subdivision (b) of Section 6068 of the Business and Professions Code, relating to an attorney's duty to maintain respect due to the courts and judicial officers.

© 2007 Thomson/West. No claim to original U.S. Govt. works.

(d) Notwithstanding Section 1211 or any other provision of law, if an order of contempt is made affecting a public safety employee acting within the scope of employment for reason of the employee's failure to comply with a duly issued subpoena or subpoena duces tecum, the execution of any sentence shall be stayed pending the filing within three judicial days of a petition for extraordinary relief testing the lawfulness of the court's order, a violation of which is the basis for the contempt.

As used in this subdivision, "public safety employee" includes any peace officer, firefighter, paramedic, or any other employee of a public law enforcement agency whose duty is either to maintain official records or to analyze or present evidence for investigative or prosecutorial purposes.

### CREDIT(S)

*(Enacted 1872. Amended by Stats.1891, c. 9, p. 6, § 1; Stats.1907, c. 255, p. 319, § 1; Stats.1939, c. 979, p. 2731, § 1; Stats.1975, c. 836, p. 1896, § 2; Stats.1982, c. 510, p. 2286, § 2.)*

### REFERENCES

### CODE COMMISSIONERS' NOTES

#### 1982 Main Volume

1. Disobedience to any lawful judgment, order, or process of the court--appeals.--If a Court, having jurisdiction, issues an erroneous order, a disobedience of it is contempt.--Ex Parte Cohen et als., 5 Cal., p. 494. But a commitment for contempt for disobedience to an unlawful order of a lower Court can be reviewed and set aside by the appellate Court.--Ex Parte Rowe, 7 Cal., p. 181. In an action for divorce the Court may order the husband to pay for the support of the wife during the litigation and for legal expenses; and obedience to such order may be enforced by imprisonment for contempt. In the regular course of judicial proceedings before a Court of general jurisdiction, the petitioner having notice of the proceedings has been ordered by the judgment of the Court to pay a certain sum of money, and in default of obedience to the order has been committed for contempt. The only question which petitioner in the Supreme Court can make, as affecting the legality of his commitment, involves the power of the Court to make the order; he cannot question the regularity of the facts.--Ex parte Perkins, 18 Cal., p. 63. If the order of the Court, finding and imprisoning for contempt, does not specify on its face wherein the contempt existed, it will be reversed on certiorari.--Ex Parte Field, 1 Cal., p. 187. In a case where such an order was made it was held that a certiorari should issue to review the proceedings in the appellate Court, and a mandamus is not the proper remedy in such case.--People vs. Turner, 1 Cal., p. 152. The Supreme Court, on habeas corpus, must review the decisions of inferior Courts in cases of contempt.--Ex Parte Rowe, 7 Cal., p. 181. A County Treasurer who does not obey an order of Court, directing him to pay money to a witness for expenses, cannot be punished for contempt without some proceeding to which the Treasurer is made a party. Sargent vs. Cavis, 36 Cal., p. 553.

*25537 2. Refusing to be sworn as witness.--A party committed for refusing to answer questions propounded to him as a witness, under an order that he stand committed till he answer the questions, will be discharged on habeas corpus, where it appears that the suit has abated; there being no longer parties or subject matter before the Court, there is no longer a case in which the questions can be asked. Ex Parte Rowe, 7 Cal., p. 175.

3. Disobeying injunction--punishable only by District Court.--A County Judge, in granting an injunction upon a bill filed in the District Court, acts as an injunction master, and exercises a power auxiliary to the jurisdiction of the District Court. The effect of the order is the same as if made by the District Court, and the injunction is subject to be controlled, modified, or dissolved by the District Judge, the same as if issued by his order in the first instance. Crandall vs. Woods, 6 Cal., p. 449; Borland vs. Thornton, 12 Cal., p. 440. The contempt complained of was neither a contempt of the County Court nor of the County Judge, but of the District Court in which the action was pending, and by whose authority, in legal contemplation, the writ on injunction was issued; and it follows, if the relators were guilty of disobeying the writ, that the jurisdiction to try and punish them for the contempt is in the District Court alone.--People vs. County Judge of Placer Co., 27 Cal., p. 152.

### OFFICIAL FORMS

© 2007 Thomson/West. No claim to original U.S. Govt. works.

CA CIV PRO § 1209, Acts or omissions constituting; stay of sentence pending appeal    **Page 3**

**2007 Electronic Update**

< Mandatory and optional Forms adopted and approved by the Judicial Council are set out in West's California Judicial Council Forms Pamphlet. >

## HISTORICAL NOTES

### HISTORICAL AND STATUTORY NOTES

#### 1982 Main Volume

The amendment of 1891 added the provisions now constituting the penultimate paragraph.

This section was amended by the 1901 revision act, Stats.1901, c. 102, p. 192,§ 274. However, on the authority of Lewis v. Dunne (1901) 66 P. 478, 134 Cal. 291, 55 L.R.A. 833, 86 Am.St.Rep. 257, the 1901 revision act was declared unconstitutional and void.

The amendment of 1907 rewrote subd. 4, which had read:

"Deceit or abuse of the process or proceedings of the Court, by a party to an action or special proceeding."

The 1907 amendment deleted from the subdivision now designated as subd. 11, a sentence which provided "Disobedience of the lawful orders or process of a judicial officer is also a contempt of the authority of such officer."

The 1907 amendment also added a subd. 13, making the practice of law or the advertising or holding one's self out as practicing or as entitled to practice, without a license, a contempt.

The 1939 amendment deleted former subd. 6 which declared to be a contempt the assuming to be an officer, attorney, or counselor of a court, and acting as such, without authority and former subd. 13, which had been added in 1907. The remaining subdivisions were appropriately renumbered.

The deleted provisions were reenacted as a part of Business and Professions Code § 6127.

The 1975 amendment added the last paragraph.

**2007 Electronic Update**

The 1982 amendment inserted letter designations for subds. (a), (b) and (c); and added subd. (d).

## REFERENCES

### CROSS REFERENCES

Attorneys,
Acts or omissions constituting contempt, see Business and Professions Code § 6127.
Disciplinary authority of courts, see Business and Professions Code § 6100 et seq.
Duties toward court, see Business and Professions Code § 6068.
Unlawful practice, see Business and Professions Code § 6125 et seq.
**\*25538** Citation, refusal to obey citation, see Probate Code § 8870.
Disobedience of order of appearance before workmen's compensation appeals board, see Labor Code § 132.
Disobedience to subpoena, board of governors and bar committees, see Business and Professions Code §§ 6050, 6051.
Disobedience to subpoena or refusal to be sworn or to answer or subscribe affidavit or deposition, see Code of Civil Procedure § 1991 et seq.
Employer's failure to report injury as ordered, see Labor Code § 3760.
Failure, upon subsequent application for order, to reveal facts of prior application, see Code of Civil Procedure § 1008.
Failure to appear at custody and control hearing, see Family Code § 7883.
Jurors, failure to attend, see Code of Civil Procedure § 238.
Misdemeanor, contempts constituting, see Penal Code § 166.
Newsman's refusal to disclose news source, see Evidence Code § 1070.
Noncompliance of personal representative with order to attend or answer at hearing, see Probate Code § 8500.
Power of courts, see Code of Civil Procedure § 128.
Power of judicial officers, see Code of Civil Procedure §§ 177, 178.
Privileged information, failure to disclose, see Evidence Code § 914.
Proof of instruments, power of officer to punish for contempt, see Civil Code § 1201.
Re-entry upon property after dispossession, see Code of Civil Procedure § 1210.
Refusal to,
Be sworn, depositions, see Code of Civil Procedure § 1991.1.
Make discovery, see Code of Civil Procedure § 2031.
Submit to examination or answer interrogatories, see Probate Code § 8870.
**\*25539** Supplemental proceedings, disobedience of referee's orders, see Code of Civil Procedure § 708.140.
Violation of court's prohibition against operation of aircraft, Generally, see Public Utilities Code § 21408.
Failure to obey order of appearance before state water resources control board, see Water Code § 1097.
Warrant for absent witness, see Code of Civil Procedure § 1993.

© 2007 Thomson/West. No claim to original U.S. Govt. works.

## LAW REVIEW AND JOURNAL COMMENTARIES

Advocacy and contempt: Constitutional limitations on the judicial contempt power, Part one: The conflict between advocacy and contempt. Louis S. Raveson, 65 Wash. L. Rev. 477 (1990).

Advocacy and contempt--Part two: Charting the boundaries of contempt: Ensuring adequate breathing room for advocacy. Louis S. Raveson, 65 Wash. L. Rev. 743 (1990).

Apology under the Hallinan case. Charles E. Goff (1971) 46 Cal.St.B.J. 155.

Behavior modification. Michael D. Marcus, 27 L.A. Law. 30 (2004).

California Spousal support enforcement. Steve Escalera, 11 J. Contemp. Legal Issues 414 (2000).

California's shield law: The California Supreme Court clarifies the scope of protection for journalists. Keith A. Meyer, 14 L.A.Law. 41 (April 1991).

Causes of delay in criminal appeals: Preparation of record. Winslow Christian (1971) 23 Stan.L.Rev. 678.

Civil restraining orders for domestic violence: The unresolved question of "efficacy". Carolyn N. Ko, 11 S. Cal. Interdisc. L.J. 361 (2002).

Constitutional bar to contempt proceeding for enforcement of divorce settlement agreement. (1959) 6 UCLA L.Rev. 328.

Contempt as a sanction. Raymond R. Roberts (1960) 36 Los Angeles B.Bull. 42.

Contempt as means of enforcing child support provisions of property settlement agreement. (1959) 47 Cal.L.Rev. 756.

Contempt of court,

Comments on pending litigation, denial of freedom of speech. (1942) 15 S.Cal.L.Rev. 367.
*25540 Commission in immediate presence of the court, ambulance chasing and claim adjusting. (1928) 2 S.Cal.L.Rev. 167.
Communications from political party committee to court stating views with respect to pending case. (1928) 2 S.Cal.L.Rev. 189.

Contempt proceedings,

Alimony, execution, receivers. (1937) 10 S.Cal.L.Rev. 496.
Applicability of immunity statutes. (1948) 21 S.Cal.L.Rev. 195.

Criminal contempt of court, due process and freedom of speech. (1958) 5 UCLA L.Rev. 90.

Direct and indirect contempt, what constitutes "immediate view and presence." (1956) 7 Hastings L.J. 312.

Direct contempt. Stanley Mosk (1957). 31 Cal.St.B.J. 510.

Direct criminal contempt and the trial attorney: Constitutional limitations on the contempt power. Ronald J. Rychlak, 14 Am. J. Trial Advoc. 243 (1990).

Discretion of court in employing power of contempt to compel witness to give depositions. (1940) 28 Cal.L.Rev. 641.

Disqualification of judge for bias in contempt proceedings. (1956) 44 Cal.L.Rev. 425.

Distinction between direct and constructive contempts. (1931) 5 S.Cal.L.Rev. 61.

Enforcement of payment of alimony where decree does not disclose how much of award constitutes permanent alimony, (1932) 6 S.Cal.L.Rev. 65.

Enforcement of property settlement agreements under divorce decrees. (1950) 2 Stan.L.Rev. 731.

Enforcement of provision of divorce decree for periodic payments in connection with property settlement agreement. (1938) 26 Cal.L.Rev. 707.

Summary judgment for contempt. (1952) 27 Cal.St.B.J. 139.

Failure of witnesses before grand jury to answer questions with respect to communist activities. (1950) 24 S.Cal.L.Rev. 110.

Federal rules and the California law: sanctions for refusal to produce books, papers or documents as ordered. (1955) 43 Cal.L.Rev. 105.

*25541 Influencing litigation by pressure. (1938) 13 Cal.St.B.J. 2.1.

Interference in foreign jurisdiction with local receiver. (1914) 3 Cal.L.Rev. 69.

Jurisdiction and process as applied to domestic relations. Betty Jo Sheldon (1964). 39 Los Angeles B.Bull. 388.

Jury trial in contempt cases. O. John Rogge (1959) 47 Cal.L.Rev. 822.

Labor arbitration and stare decisis: some introductory comments. Edgar A. Jones, Jr. (1957) 4 UCLA L.Rev. 657.

The language of perjury: "Literal truth," ambiguity, and

© 2007 Thomson/West. No claim to original U.S. Govt. works.

CA CIV PRO § 1209, Acts or omissions constituting;  stay of sentence pending appeal            **Page 5**

the false statement requirement. Peter Meijes Tiersma, 63 S. Cal. L. Rev. 373 (1990).

Limitations upon attorney's conduct in court in support of his client's position. (1961) 35 S.Cal.L.Rev. 104.

Nature, as a contempt order, of alternative order requiring defendant to pay back alimony or be adjudged in contempt. (1945) 20 Cal.St.B.J. 89.

News report and editorial concerning pending trial. (1947) 22 Cal.St.B.J. 228.

Newspaper articles on pending cases.  (1935) 9 S.Cal.L.Rev. 50.

Penalizing appellants and their attorneys for prosecuting patently frivolous appeals. (1972) 47 Cal.St.B.J. 307.

People ex rel. Gallo v. Acuna:  Pulling in the nets on criminal street gangs. Edson McClellan, 35 San Diego L. Rev. 343 (1998).

Power of court to punish as contempt publications concerning terminated judicial proceedings. (1954) 1 UCLA L.Rev. 388.

Publications. (1935) 24 Cal.L.Rev. 114.

Publications interfering with administration of justice. (1940) 13 S.Cal.L.Rev. 227, 355.

Punishment,

> Civil and criminal contempt, court's power. (1950) 23 S.Cal.L.Rev. 592.
> Constructive contempt arising out of newspaper criticism of pending cases, power of court. (1948) 23 Cal.St.B.J. 339.
> *25542 Constructive contempt based on newspaper comments with respect to pending trial, power of court. (1942) 30 Cal.L.Rev. 577.
> Contempt in case of comments or criticisms relating to court or pending case, restrictions on power of courts. (1930) 18 Cal.L.Rev. 166.
> Perjury and false swearing as contempt, summary power of courts. (1933) 21 Cal.L.Rev. 582.
> Perjury as contempt, power of federal courts. (1946) 19 S.Cal.L.Rev. 438;  (1945) 18 S.Cal.L.Rev. 284.
> Standards in contempt cases. (1951) 39 Cal.L.Rev. 552.
> Successive contempts. (1953) 39 A.B.A.J. 597.
> Summarily imposed by court for perjury or false swearing. (1933) 21 Cal.L.Rev. 582.

Quo warranto as a means of prohibiting unlawful practice of law. (1923) 11 Cal.L.Rev. 120.

Reciprocal enforcement of support act.  Albert A. Ehrenzweig (1954) 42 Cal.L.Rev. 382, 390.

Right of witnesses before grand jury to refuse to answer questions with respect to communist activities. (1950) 24 S.Cal.L.Rev. 110.

Sanctions for refusal to submit to physical examination: the federal rules and the California law.  (1955) 43 Cal.L.Rev. 106.

Self-incrimination, harmless questions forming linkage to a crime. (1953) 4 Hastings L.J. 194.

Summary power to hold suspected perjurers in contempt for refusing to answer. (1960) 7 UCLA L.Rev. 515.

Summary punishment for contempt:  Due process requiring notice and hearing before an independent tribunal. (1966) 39 S.Cal.L.Rev. 463.

Verbal misconduct in the courtroom--attorneys immune? (1970) 11 Santa Clara L.Rev. 125.

Welcome home Rambo:  High-minded ethics and low-down tactics in the courts. Gideon Kanner, 25 Loy. L.A. L. Rev. 81 (1991).

Witness' refusal to divulge information to congressional committee upheld. (1953) 39 A.B.A.J. 500.

### *25543 LIBRARY REFERENCES

#### 1982 Main Volume

Constitutional Law ☜273.
Contempt ☜1 to 26.
Process ☜168, 171.
C.J.S. Constitutional Law § 578.
C.J.S. Contempt §§ 1 to 35.
C.J.S. Process §§ 119 to 121, 124.
    Family Law Practice, Goddard, §§ 668, 670, 674.
Handling subpenas: How and when to do it. CEB Action Guide Spring 1990.

### RESEARCH REFERENCES

ALR Library

112 ALR 5th 263, Vacating on Public Policy Grounds Arbitration Awards Reinstating Discharged Employees--State Cases.

93 ALR 5th 493, Holding Jurors in Contempt Under State Law.

61 ALR 2nd 1083, Who May Institute Civil Contempt Proceedings.

154 ALR 1227, Necessity and Sufficiency of Making and Recording Subsidiary or Detailed Findings Supporting Adjudication of Direct Contempt.

© 2007 Thomson/West. No claim to original U.S. Govt. works.

155 ALR 10, Duty and Discretion of District or Prosecuting Attorney as Regards Prosecution for Criminal Offenses.

120 ALR 703, Inability to Comply With Judgment or Order as Defense to Charge of Contempt.

49 ALR 975, Degree of Proof Necessary in Contempt Proceedings.

29 ALR 1273, Affidavit to Disqualify Judge as Contempt.

Encyclopedias

CA Jur. 3d Actions § 2, "Proceeding".

CA Jur. 3d Actions § 6, Special Proceedings Designated by Statute.

CA Jur. 3d Civil Rights § 105, Orders; Enforcement.

CA Jur. 3d Contempt § 3, Classification and Distinctions.

*25544 CA Jur. 3d Contempt § 10, Interruption Of, or Interference With, Judicial Proceedings.

CA Jur. 3d Contempt § 11, Abuse Of, or Interference With, Process.

CA Jur. 3d Contempt § 12, Misbehavior in Office or Failure to Perform Duty.

CA Jur. 3d Contempt § 16, Publications Concerning Judge or Pending Proceedings.

CA Jur. 3d Contempt § 20, in General; Failure or Refusal to Appear or Testify as Witness or to Subscribe Affidavit or Deposition.

CA Jur. 3d Contempt § 24, Injunctive Orders.

CA Jur. 3d Contempt § 26, Orders of Appellate Tribunals.

CA Jur. 3d Contempt § 31, Ability to Comply With Order.

CA Jur. 3d Contempt § 32, Validity of Order; Jurisdiction of Court.

CA Jur. 3d Contempt § 37, Fraud, Deceit, or Concealment; Lack of Good Faith.

CA Jur. 3d Contempt § 38, Arguments; Interruption of Proceedings.

CA Jur. 3d Contempt § 39, Impugning Court's Integrity; Attempts to Influence Court.

CA Jur. 3d Contempt § 40, Appearance; Tardiness or Failure to Appear.

CA Jur. 3d Contempt § 41, Contempts Committed Out of the Presence of the Court.

CA Jur. 3d Contempt § 44, Effect of Penal Code Provisions.

CA Jur. 3d Contempt § 49, in General; Nature of Proceedings.

CA Jur. 3d Contempt § 50, Rules of Procedure.

CA Jur. 3d Contempt § 59, Sufficiency--Allegations of Facts.

CA Jur. 3d Contempt § 64, in General; Due Process.

CA Jur. 3d Contempt § 72, Indirect Contempt.

CA Jur. 3d Contempt § 76, Stay of Execution.

CA Jur. 3d Contempt § 77, Scope of Review.

CA Jur. 3d Criminal Law: Post-Trial Proceedings § 733, Effect of Failure to File.

*25545 Cal. Jur. 3d Criminal Law: Rights of the Accused § 216, Waivers Caused by Defendant's Disruptive Conduct.

CA Jur. 3d Delinquent and Dependent Children § 91, Nature of Right; Competent and Effective Assistance.

CA Jur. 3d Family Law § 1325, Validity of Judgment or Order.

CA Jur. 3d Family Law § 1326, Notice or Knowledge of Judgment or Order.

CA Jur. 3d Family Law § 1386, Contempt.

CA Jur. 3d Jury § 70, Nonattendance of Juror.

CA Jur. 3d Process, Notices, and Subpoenas § 101, Penalties for Disobeying Subpoena.

CA Jur. 3d Work Injury Compensation § 485, Punishment for Contempt.

CA Jur. 3d Work Injury Compensation § 577, Failure to Answer or Appear.

Cal. Civ. Prac. Family Law Litigation § 19:3, Checklist of Civil Remedies.

Cal. Civ. Prac. Family Law Litigation § 13:55, Requirements.

Cal. Civ. Prac. Family Law Litigation § 19:14, Overview.

© 2007 Thomson/West. No claim to original U.S. Govt. works.

Cal. Civ. Prac. Family Law Litigation § 19:16, Nature of Proceeding.

Cal. Civ. Prac. Family Law Litigation § 19:34, Jury Trial.

Cal. Civ. Prac. Family Law Litigation § 19:37, Defenses.

Cal. Civ. Prac. Family Law Litigation § 19:51, Punishment -- Generally.

Cal. Civ. Prac. Family Law Litigation § 19:57, Order to Show Cause and Affidavit for Contempt [Judicial Council Form Fl-410].

Cal. Civ. Prac. Family Law Litigation § 19:68, Judgment Finding that Defendant Did Not Willfully Disobey Judgment [Code Civ. Proc., S1218].

Cal. Civ. Prac. Probate & Trust Proceedings § 2:11, Producing the Will.

Cal. Civ. Prac. Probate & Trust Proceedings § 28:169, Presentation of Account; Contents.

California Civil Practice Procedure § 24:16, Consequences of Violating Order; Sanctions.

California Civil Practice Procedure § 30:74, Authority to Enforce Judgments by Contempt.

California Civil Practice Procedure § 30:78, Hearing; Scope and Burden of Proof.

California Civil Practice Procedure § 30:85, Declaration to Initiate Contempt Proceedings to Enforce Judgment Not Otherwise Enforceable Under Enforcement of Judgments Law [Code Civ. Proc. §§ 717.010, 1209 et Seq.].

California Civil Practice Procedure § 30:92, Judgment Finding that Defendant Did Not Willfully Disobey Judgment [Code Civ. Proc. S1218].

California Civil Practice Procedure § 16:126, Enforcement of Injunction by Contempt.

California Civil Practice Procedure § 16:135, Checklist for Obtaining and Opposing Injunctions.

California Civil Practice Procedure § 16:174, Petition for Order to Show Cause Re Contempt for Failure to Deliver Property to Receiver (Code Civ. Proc., §§ 568, 1209).

California Civil Practice Procedure § 16:175, Order to Show Cause Re Contempt for Failure to Deliver Property to Receiver (Code Civ. Proc., §§ 570, 1209).

Cal. Civ. Prac. Workers' Compensation § 1:18, Appeals Board's Contempt Power.

Forms

West's California Code Forms, Civil Procedure § 1211 Form 1, Contempts--Declaration--Not in Court's Presence.

West's California Judicial Council Forms FL-411, (03) Affidavit of Facts Constituting Contempt.

West's California Judicial Council Forms FL-415, (03) Findings and Order Regarding Contempt (Family Law-Domestic Violence Prevention-Uniform Parentage-Governmental).

Treatises and Practice Aids

Bogert - the Law of Trusts and Trustees § 861, Remedies of the Beneficiary Against the Trustee.

California Community Property Law § 10:17, Contesting Domicile.

California Medical Malpractice Law and Practice § 17:7, Motions in Limine.

Rutter, Cal. Practice Guide: Civil Appeals & Writs Ch. 15-D, D. Writ Review of Contempt Orders.

Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 4-D, D. Service of Summons.

Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 8E-6, Subpoena to Nonparty Deponent or Business Records Custodian.

Rutter, Cal. Practice Guide: Civ. Pro. Before Trial Ch. 9(II)-A, A. Injunctions.

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 4-F, F. Motions in Limine.

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 6-E, E. Remedies for Misconduct During Opening Statement.

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 7-B, B. Explanations, Admonitions and Preinstructions.

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 7-F, F. Juror Misconduct During Trial.

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 10-A, A. Preliminary Considerations.

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 12-A, A. Motion for Mistrial.

**\*25546** Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 12-E, E. Contempt Proceedings.

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 13-B, B. Proper vs. Improper Closing Argument.

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch.

© 2007 Thomson/West. No claim to original U.S. Govt. works.

13-C, C. Challenging Improper Argument.

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 15-F, F. Juror Misconduct During Deliberations.

Rutter, Cal. Practice Guide: Enforcing Judgments/Debts Ch. 6G-1, Examination of Judgment Debtor and Third Parties.

Rutter, Cal. Practice Guide: Enforcing Judgments/Debts Ch. 6G-4, Creditor's Suit.

Rutter, Cal. Practice Guide: Enforcing Judgments/Debts Ch. 6G-5, Assignment Order.

Rutter, Cal. Practice Guide: Family Law Ch. 11-E, E. Securing Witness Attendance and Document Production at Trial.

Rutter, Cal. Practice Guide: Family Law Ch. 18-B, B. Enforcement Remedies and Procedures.

Rutter, Cal. Practice Guide: Prof. Responsibility Ch. 2-A, A. Regulations Generally.

Rutter, Cal. Practice Guide: Prof. Responsibility Ch. 8-C, C. Restrictions on Advocacy in Court Proceedings.

Rutter, Cal. Practice Guide: Prof. Responsibility Ch. 8-E, E. Consequences of Improper Advocacy.

2 Witkin Cal. Crim. L. 3d Crimes Against Gov't Auth. § 29, (§ 29) in General.

5 Witkin Cal. Crim. L. 3d Criminal Trial § 22, Punishment for Contempt.

5 Witkin Cal. Crim. L. 3d Criminal Trial § 434, (§ 434) Misdemeanor Case.

4 Witkin Cal. Crim. L. 3d Intro. to Crim. Proc. § 20, Contempt.

2 Witkin Cal. Evid. 4th Witnesses § 28, In General.

2 Witkin Cal. Evid. 4th Witnesses § 31, (§ 31) Arrest.

3 Witkin Cal. Proc. 4th Actions § 14, Statutory Classes.

3 Witkin Cal. Proc. 4th Actions § 18, (§ 18) Contempt.

**\*25547** 1 Witkin Cal. Proc. 4th Attorneys § 558, Disobedience of Order.

1 Witkin Cal. Proc. 4th Attorneys § 560, (§ 560) Conduct Subject to Discipline.

1 Witkin Cal. Proc. 4th Attorneys § 620, (§ 620) Other Measures.

2 Witkin Cal. Proc. 4th Courts § 59, (§ 59) Sanctions for Violation.

2 Witkin Cal. Proc. 4th Courts § 371, (§ 371) Control by Court.

8 Witkin Cal. Proc. 4th Enforcement of Judgment § 278, (§ 278) Failure to Appear for Examination.

8 Witkin Cal. Proc. 4th Enforcement of Judgment § 332, Nature and Scope of Power.

8 Witkin Cal. Proc. 4th Enforcement of Judgment § 333, District Attorney Cannot Bring Proceeding.

8 Witkin Cal. Proc. 4th Enforcement of Judgment § 340, (§ 340) Hearing.

7 Witkin Cal. Proc. 4th Trial § 129, Adoption of Uniform System.

7 Witkin Cal. Proc. 4th Trial § 183, Any Judicial Tribunal.

7 Witkin Cal. Proc. 4th Trial § 185, (§ 185) Legislative Regulation.

7 Witkin Cal. Proc. 4th Trial § 199, (§ 199) Right Under State Constitution.

7 Witkin Cal. Proc. 4th Trial § 202, (§ 202) Disrespectful or Offensive Behavior.

7 Witkin Cal. Proc. 4th Trial § 203, Conduct Constituting Contempt.

7 Witkin Cal. Proc. 4th Trial § 208, (§ 208) Deceiving or Taking Advantage of Court.

7 Witkin Cal. Proc. 4th Trial § 212, (§ 212) Assisting Witness to Evade Subpena.

7 Witkin Cal. Proc. 4th Trial § 213, In General.

10 Witkin, California Summary 10th Parent and Child § 437, (§ 437) Contempt Proceedings.

8 Witkin, California Summary 10th Constitutional Law § 895, Hate Crimes, Intimidation, and Threats of Violence.

13 Witkin, California Summary 10th Equity § 149, (§ 149) Decision and Order.

**\*25548** 27 Wright & Miller: Federal Prac. & Proc. § 6042, Policy.

### UNITED STATES SUPREME COURT

Due process, summary contempt, attorney's questions on prohibited topic, disruption of judicial proceedings and damage to court authority, see Pounders v. Watson, 1997, 117 S.Ct. 2359.

© 2007 Thomson/West. No claim to original U.S. Govt. works.

## ANNOTATIONS

## NOTES OF DECISIONS

In general 2
Ability to obey defenses 71
Abuse of process 14
Act or omission pending appeal 28
Administrative rule 69.5
Affidavit in contempt proceedings, generally 84
Alimony award, enforcement by contempt proceedings 80
Alimony under divorce decree, judgment, order or process 38
Ambiguous order as defense 73
Attachment for contempt, contempt proceedings 82
Attorneys fees under divorce decree, judgment, order or process 39
Attorney's participation in defense, contempt proceedings 16.5
Attorney's presentation of case 16 to 18
    Attorney's presentation of case - In general 16
    Attorney's presentation of case - Delay 18
    Attorney's presentation of case - Questioning of witnesses 17
Authority of court 22
Briefs 20
Burden of proof, contempt proceedings 91
Change of judge 23
Change of venue 24
Child custody order, judgment, order or process 42
Civil and criminal contempts 7
Commitment order in contempt proceedings 95
Constructive or indirect contempt, generally 6
Contemner outside state 30
Contempt proceedings 78 to 97
    Contempt proceedings - In general 78
    Contempt proceedings - Affidavit, generally 84
    *25549 Contempt proceedings - Alimony award, enforcement 80
    Contempt proceedings - Attachment for contempt 82
    Contempt proceedings - Burden of proof 91
    Contempt proceedings - Commitment 95
    Contempt proceedings - Evidence 93
    Contempt proceedings - Jurisdiction 83
    Contempt proceedings - Jury trial 89
    Contempt proceedings - Legislative contempt proceedings 86
    Contempt proceedings - Methods of review of contempt proceedings 96
    Contempt proceedings - Nature of 79
    Contempt proceedings - Presumptions in 92
    Contempt proceedings - Prohibition 87
    Contempt proceedings - Questions of fact 94
    Contempt proceedings - Review of 97
    Contempt proceedings - Sufficiency of affidavit 85
    Contempt proceedings - Summary proceedings 81
    Contempt proceedings - Trial of 88

    Contempt proceedings - Witnesses 90
Court's discretion 65
Criticism of court 21
Decree of distribution, judgment, order or process 36
Defenses 70 to 74
    Defenses - In general 70
    Defenses - Ability to obey as defense 71
    Defenses - Ambiguous order as defense 73
    Defenses - Privilege against self-incrimination, defense 74
    Defenses - Void order as defense 72
Delay, attorney's presentation of case 18
Denial of privilege to contemner 77
Direct contempt 5
Discovery 15
Disobedience of order 34.6
District courts 61
Divorce decree, generally, judgment, order or process 37
Due process 3
*25550 Elements, punishment 75.5
Evading service of process, contempt proceedings 78.5
Evasion of judgment lien 27
Evidence, contempt proceedings 93
Execution, judgment, order or process 45
Ex parte proceeding, judgment, order or process 44
Failure to appear, interference with court or course of trial 10
Final decree, judgment, order or process 46
Grand jury 66
Habeas corpus, judgment, order or process 60
Imprisonment as punishment 76
Indigents 98
Injunction, judgment, order or process 47
Instructions to grand jurors, judgment, order or process 48
Intent 8
Interference with court or course of trial 9, 10
    Interference with court or course of trial - In general 9
    Interference with court or course of trial - Failure to appear, interference with court or course of trial 10
Interrogation of jurors, judgment, order or process 43
Judgment, order or process 35 to 60
    Judgment, order or process - In general 35
    Judgment, order or process - Alimony under divorce decree 38
    Judgment, order or process - Attorneys fees under divorce decree 39
    Judgment, order or process - Child custody order 42
    Judgment, order or process - Decree of distribution 36
    Judgment, order or process - Divorce decree, generally 37
    Judgment, order or process - Execution 45
    Judgment, order or process - Ex parte proceeding 44
    Judgment, order or process - Final decree 46
    Judgment, order or process - Habeas corpus 60

© 2007 Thomson/West. No claim to original U.S. Govt. works.

Judgment, order or process - Injunction 47

*25551 Judgment, order or process - Instructions to grand jurors 48

Judgment, order or process - Interrogation of jurors 43

Judgment, order or process - Nunc pro tunc order 49

Judgment, order or process - Order excluding witness 50

Judgment, order or process - Proceedings supplementary to execution 55

Judgment, order or process - Production of items for inspection 53

Judgment, order or process - Property settlement under divorce decree 40

Judgment, order or process - Receiverships 56

Judgment, order or process - Refusal to be sworn 51

Judgment, order or process - Refusal to produce evidence 54

Judgment, order or process - Refusal to testify 52

Judgment, order or process - Reporter's failure to file transcript 57

Judgment, order or process - Service or notice of order 58

Judgment, order or process - Support order under divorce decree 41

Judgment, order or process - Writ of restitution 59

Jurisdiction in contempt proceedings 83

Jury trial, contempt proceedings 89

Legislative contempt proceedings 86

Legislature 68

Letters to court 32

Methods of review of contempt proceedings 96

Misconduct of officer of court 34

Misleading court 25

Multiple contempts 26

Municipal councils 69

Municipal courts 64

Nature and elements of contempt 4

Nature of contempt proceedings 79

Newspapers and publications 33

Nunc pro tunc order, judgment, order or process 49

Order excluding witness, judgment, order or process 50

Petit jury 67

*25552 Presumptions in contempt proceedings 92

Prison conditions 13.5

Privilege against self-incrimination, defense 74

Probate courts 63

Proceedings supplementary to execution, judgment, order or process 55

Production of items for inspection, judgment, order or process 53

Prohibition, contempt proceedings 87

Property settlement under divorce decree, judgment, order or process 40

Public utterances 31

Punishment 75 to 76

Punishment - In general 75

Punishment - Elements 75.5

Punishment - Imprisonment as punishment 76

Questioning of witnesses, attorney's presentation of case 17

Questions of fact, contempt proceedings 94

Receiverships, judgment, order or process 56

Recording devices 11

Refusal to be sworn, judgment, order or process 51

Refusal to produce evidence, judgment, order or process 54

Refusal to testify, judgment, order or process 52

Reporter's failure to file transcript, judgment, order or process 57

Review of contempt proceedings 97

Service or notice of order judgment, order or process 58

Sufficiency of affidavit in contempt proceedings 85

Summary contempt proceedings 81

Superior courts 62

Support order under divorce decree, judgment, order or process 41

Statement or argument of attorney 19

Television 12

Trial of contempt proceedings 88

Unauthorized practice of law 29

Validity 1

Void order as defense 72

Weapons 13

*25553 Witnesses, contempt proceedings 90

Writ of restitution, judgment, order or process 59

Respect due courts by attorneys, see Notes of Decisions under Business and Professions Code § 6068.

### 1. Validity

Violation of injunction as ground for contempt, see, also, Notes of Decisions under §§ 526, 527.

The statutory provision, that no speech or publication reflecting on or concerning any court or any officer thereof shall be treated or punished as contempt unless made in the immediate presence of such court while in session and in such manner as actually to interfere with its proceedings, is unconstitutional on the ground that courts of the state have inherent power to punish for contempt, and hence did not preclude proceedings for contempt against one who sent and caused to be published the contents of a telegram criticizing the court's decision and making threats if the decision should be enforced. Bridges v. Superior Court of Los Angeles County (1939) 14 Cal.2d 464, 94 P.2d 983, certiorari granted 60 S.Ct. 807, 309 U.S. 649, 84 L.Ed. 1001, reversed 62 S.Ct. 190, 314 U.S. 252, 86 L.Ed. 192. Constitutional Law ☞52; Contempt ☞5

### 2. In general

Commitment for contempt for failure to pay master's fee awarded by court, made on application of the master, is not an "imprisonment for debt," but for refusal to obey the order of the court. Cutting v. Van Fleet, 1918, 252 F. 100, 164 C.C.A. 212. Constitutional Law ☞83(3); Contempt ☞25

© 2007 Thomson/West. No claim to original U.S. Govt. works.

Disobedience of any lawful judgment, order, or process of court is a form of contempt of court. In re Estate of Beard (App. 1 Dist. 1999) 84 Cal.Rptr.2d 276, 71 Cal.App.4th 753. Contempt ☜⇒20

Although rarely invoked against a public official, contempt power is available against district attorneys as well as other trial participants. People v. Superior Court of Contra Costa County (1977) 137 Cal.Rptr. 476, 19 Cal.3d 255, 561 P.2d 1164. Contempt ☜⇒30

*25554 Bank, as holder of escrow in connection with liquor license transfer, could not avoid liability to seller's creditor on ground of impossibility, based on claim that court order in action by third persons obliged bank to disburse all funds to them, particularly since bank, despite knowledge of plaintiff creditor's claim, consented to order in earlier action. Webster v. Southern California First Nat. Bank (App. 4 Dist. 1977) 137 Cal.Rptr. 293, 68 Cal.App.3d 407. Deposits And Escrows ☜⇒24.1

Judge has duty to exercise contempt power to protect integrity of court and judicial process but he must do so with great caution so as not to stifle freedom of thought and speech. DeGeorge v. Superior Court for County of Los Angeles (App. 2 Dist. 1974) 114 Cal.Rptr. 860, 40 Cal.App.3d 305. Contempt ☜⇒30

Defendant's carrying into courtroom a dull folded knife, in a "case," which was strapped to his waist and which defendant testified he used in his work and for recreation, was not contempt. In re Carvallo (App. 1 Dist. 1973) 105 Cal.Rptr. 925, 29 Cal.App.3d 983. Contempt ☜⇒7

Dismissal of contempt citation against paternal grandmother for allegedly aiding, abetting and assisting her son in depriving his divorced wife of custody of children was quasi criminal in nature as respects issue whether prior acquittal collaterally estopped wife from instituting subsequent civil litigation seeking damages from the grandmother for her alleged participation in abduction and secretion of children. Gibson v. Gibson (App. 3 Dist. 1971) 93 Cal.Rptr. 617, 15 Cal.App.3d 943. Judgment ☜⇒648

Contempt is a drastic remedy to be employed only when necessary for the proper and orderly conduct of judicial proceedings. In re Hagan (App. 2 Dist. 1964) 36 Cal.Rptr. 828, 224 Cal.App.2d 590. Contempt ☜⇒2

Courts have inherent power to enforce the effective conduct of judicial proceedings in order to insure orderly administration of justice and legislature has codified this principle by granting power to every court to provide for the orderly conduct of proceedings before it. Cantillon v. Superior Court In and For Los Angeles County (App. 1957) 150 Cal.App.2d 184, 309 P.2d 890. Courts ☜⇒78

Under provision of this section declaring that disobedience of any lawful judgment, order, or process of court is a contempt of authority of that court and statutes providing for procedure in contempt proceedings, within statute providing that word person "includes" a corporation as well as a natural person, quoted word is used as a word of enlargement, not of limitations. Oil Workers Intern. Union, CIO v. Superior Court, Contra Costa County (App. 1951) 103 Cal.App.2d 512, 230 P.2d 71. Contempt ☜⇒28(3)

*25555 Automobile indemnity insurer, which elected to proceed with defense of personal injury action against assured with knowledge that assured would not be present, did not waive defense of nonliability for assured's breach of co-operation clause and was not estopped to disclaim liability on such ground, since willful neglect of attorneys to defend assured unless excused by him or order of court would have subjected them to punishment for contempt. McDanels v. General Ins. Co. of America (App. 1934) 1 Cal.App.2d 454, 36 P.2d 829. Insurance ☜⇒3214

Pen.C. § 166, subd. 4, making disobedience of process or order lawfully issued by court a misdemeanor, in view of Pen.C. §§ 11, 657, 658, is remedial statute, and the remedy provided thereby is in addition to the remedies provided by this section and C.C.P. §§ 1210 to 1222, relating to contempt; and the offenses denounced in the former Code provision are separate and distinct from those denounced in the latter, and the question of "once in jeopardy" does not arise thereunder. In re Morris (1924) 194 Cal. 63, 227 P. 914. Contempt ☜⇒38

Red Light Abatement Act, prescribing penalty for violation of an injunction order under such act, is not in conflict with this section and § 1218, relating to contempt. Ex parte Selowsky (App. 1918) 38 Cal.App. 569, 177 P. 301. Nuisance ☜⇒60

Court could not divest itself of jurisdiction, previously acquired, on ground conduct of counsel was disrespectful. Zumbusch v. Superior Court in and for Los Angeles County (App. 1913) 21 Cal.App. 76, 130 P. 1070. Contempt ☜⇒80

Provision of 1891 amendment that no statement concerning a court shall be treated as contempt unless made in immediate presence of such court did not qualify subdivision 3 of this section which makes violation of attorney's duty to court contempt. In re Shay (1911) 160 Cal. 399, 117 P. 442. Contempt ☜⇒5

Provision of this section, which, in specifying acts "in respect to a court of justice or proceedings therein," constituting contempts, names "misbehavior in office or other willful neglect or violation of duty by a sheriff or other person appointed or elected to perform a judicial or ministerial service" includes misbehavior done "in respect to" such court of some proceeding therein, not an unauthorized arrest not shown to be a willful disobedience of any judgment, order, or process of the court. Hutton v. Superior Court of City and County of San Francisco (1905) 147 Cal. 156, 81 P. 409. Contempt ☜⇒10

© 2007 Thomson/West. No claim to original U.S. Govt. works.

**\*25556** Statute relating to contempt constitutes limitation upon power formerly exercised by courts to punish for contempt. Galland v. Galland (1872) 44 Cal. 475, 13 Am.Rep. 167. Contempt ☞33

Probation officers are persons "appointed or elected to perform a judicial or administerial service" as that term is used in this section. 59 Op.Atty.Gen. 529, 9-21-76.

**3. Due process**

Due process challenge to contempt convictions on theory that acts forming basis for contempt were not within prohibitions of this section can succeed only if there is no evidence that acts violated privisions of this section. Hawk v. Cardoza, C.A.9 (Cal.)1978, 575 F.2d 732. Constitutional Law ☞273

Even though punishment for contempt citations issued against defense counsel during criminal proceeding were deferred until after trial, due process did not require that defense counsel be heard in defense and mitigation at conclusion of trial where he was given an opportunity to explain his conduct and addressed the issue of punishment soon after each incident of contempt. Hawk v. Cardoza, C.A.9 (Cal.)1978, 575 F.2d 732. Constitutional Law ☞273

Because of the penalties that may be imposed, a civil contempt proceeding is criminal in nature, and the constitutional rights of the accused must be observed; for example, he is entitled to presumption of innocence, cannot be compelled to testify, contempt must be proved beyond a reasonable doubt, and presumptions or intendments may not be indulged in to support the contempt order. In re Martin (App. 5 Dist. 1977) 139 Cal.Rptr. 451, 71 Cal.App.3d 472. Contempt ☞30; Contempt ☞60(1)

Due process requires that someone other than trial judge try contempt charge against lawyer if the trial judge has become so personally embroiled with the lawyer at trial as to make the judge unfit to sit in judgment on the contempt charge, and inquiry must be not only whether there was actual bias on judge's part, but whether there was likelihood of bias or appearance of bias. In re Martin (App. 5 Dist. 1977) 139 Cal.Rptr. 451, 71 Cal.App.3d 472. Constitutional Law ☞273

Whether direct or indirect, where hearing on contempt is continued to a later date, basic due process requires that the hearing be before a truly impartial judge. In re Martin (App. 5 Dist. 1977) 139 Cal.Rptr. 451, 71 Cal.App.3d 472. Constitutional Law ☞273

**\*25557** If contempt did not occur in immediate view and presence of court, it is "indirect contempt"; in such cases an affidavit must be presented to court stating facts constituting contempt, an order to show cause issued and a hearing on facts must be held by judge. Rosenstock v. Municipal Court of Los Angeles Judicial Dist. (App. 2 Dist. 1976) 132 Cal.Rptr. 59, 61 Cal.App.3d 1. Contempt ☞

53; Contempt ☞54(1); Contempt ☞55; Contempt ☞61(1)

Where trial judge did not wait to adjudge petitioner-attorney in contempt, but immediately cited him and soon thereafter signed the order of commitment, and where it could not be said from a review of the record that the trial judge, even assuming that he misinterpreted petitioner's later apology attempt, was so personally embroiled with petitioner that he was unfit to sit in judgment on the contempt charge, the trial judge was not required, as a matter of due process, to refer the adjudication of the alleged contempt to another judge. In re Buckley (1973) 110 Cal.Rptr. 121, 10 Cal.3d 237, 514 P.2d 1201, certiorari denied 94 S.Ct. 3202, 418 U.S. 910, 41 L.Ed.2d 1156. Constitutional Law ☞273

Attorney who is accorded a hearing and opportunity by trial judge to present evidence and to attempt to explain his conduct with respect to filing false affidavit of disqualification against judge and against whom a contempt order and judgment is entered which recites facts constituting a contempt, adjudges the attorney guilty and prescribes punishment is not denied due process. In re Ciraolo (1969) 74 Cal.Rptr. 865, 70 Cal.2d 389, 450 P.2d 241. Constitutional Law ☞273

Defendant, who was charged with indirect contempt because of alleged violation of injunctive order of court, could not be deprived of his property or liberty without evidence being offered against him in accordance with established rules and opportunity to cross-examine those whose evidence was given against him and opportunity to present evidence in his own behalf. Bone v. Superior Court for Los Angeles County (App. 2 Dist. 1966) 54 Cal.Rptr. 406, 245 Cal.App.2d 972. Injunction ☞230(1)

Since the charge of contempt is essentially criminal in nature, due process requires notice and an opportunity to prepare a defense before an adjudication of constructive contempt can be made. In re Wren (1957) 48 Cal.2d 159, 308 P.2d 329. Constitutional Law ☞273

**4. Nature and elements of contempt**

Nature of contempt proceedings, see note 79, post.

It is contempt of court for one to take money under a pretense that he can and will corruptly influence the court in rendering its decision in a pending case. In re Taylor (1886) 10 P. 88, 2 Cal.Unrep. 648; In re Buckley (1886) 10 P. 69, 69 Cal. 1.

**\*25558** Any act calculated to embarrass, hinder or obstruct court in administration of justice or to lessen its authority or dignity is a "contempt". U.S. v. Pearson, N.D.Cal.1945, 62 F.Supp. 767. Contempt ☞2

As a general rule, the elements of contempt include: (1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) willful failure to comply

© 2007 Thomson/West. No claim to original U.S. Govt. works.

with the order. Matter of Ivey (App. 2 Dist. 2000) 102 Cal.Rptr.2d 447, 85 Cal.App.4th 793. Contempt ☞20

Contempt is proper sanction only for willful misconduct. Runnion v. Workers' Comp. Appeals Bd. (App. 1 Dist. 1997) 69 Cal.Rptr.2d 105, 59 Cal.App.4th 277. Contempt ☞2

Contempt is criminal in nature. Nierenberg v. Superior Court for Los Angeles County (App. 2 Dist. 1976) 130 Cal.Rptr. 847, 59 Cal.App.3d 611. Contempt ☞3

Judge's summary contempt power must be exercised with great caution, lest it stifle the freedom of thought and speech so necessary to a fair trial under our adversary system; but when aggressive advocacy gives way to insolence and disrespect for the court and particularly when it degenerates into impertinent, scandalous, insulting or contemptuous language reflecting on the court's integrity, it is the judge's bounden duty to protect the integrity of his court. In re Buckley (1973) 110 Cal.Rptr. 121, 10 Cal.3d 237, 514 P.2d 1201, certiorari denied 94 S.Ct. 3202, 418 U.S. 910, 41 L.Ed.2d 1156. Contempt ☞10

Contempt proceedings are quasi criminal in character, and judgments of conviction in such cases are governed by the rules applicable to criminal cases. Turkington v. Municipal Court of City and County of San Francisco (App. 1 Dist. 1948) 85 Cal.App.2d 631, 193 P.2d 795. Contempt ☞40; Contempt ☞63(1)

"Contempt" may be committed by incorporating impertinent, scandalous, insulting or contemptuous language reflecting on integrity of the court in pleadings, motions, notice of motions, affidavits and other papers filed in court. Hume v. Superior Court in and for Los Angeles County (1941) 17 Cal.2d 506, 110 P.2d 669. Contempt ☞8

Course of conduct creating atmosphere of distrust and suspicion in public mind, thereby influencing action of court and judges with respect to causes pending and undetermined, constitutes "contempt." In re Shuler (1930) 210 Cal. 377, 292 P. 481. Contempt ☞9

*25559 Violation of law does not per se constitute contempt of court. Hotaling v. Superior Court, City and County of San Francisco (1923) 191 Cal. 501, 217 P. 73. Contempt ☞2

Violation of rights of ownership, even though they have been ascertained and declared by judgment, unless it consists in doing something which was prohibited or in failing to do something which was required by terms of the judgment, is not contempt. Hotaling v. Superior Court, City and County of San Francisco (1923) 191 Cal. 501, 217 P. 73. Contempt ☞20

The phrase "contempt of court," like the word "crime," is generic and expresses within its legal signification a variety of different acts which involve different elements, which,

like the different acts constituting different crimes, differentiate the several acts, and the legislature may fix the punishment according to the gravity of the offense. Ex parte Selowsky (App. 1918) 38 Cal.App. 569, 177 P. 301. Contempt ☞2

Claiming to have influence with a court and to be able through such influence to be able to obtain a decision favorable to a particular party constitutes contempt of court. In re Buckley (1886) 69 Cal. 1, 10 P. 69.

Contempt may be shown by language or behavior, and in determining whether language is contemptuous, regard must be had to words used and surrounding circumstances. In re Hallinan (App. 1932) 126 Cal.App. 121, 14 P.2d 797. Contempt ☞6

**5. Direct contempt**

A petition for rehearing stated that "how or why the honorable commissioner should have so effectually and substantially ignored and disregarded the uncontradicted testimony we do not know. It seems that neither the transcript nor our briefs could have fallen under" the commissioner's observation. "There is not a scintilla of evidence to the contrary, and yet the honorable commissioner assumes," etc., and "in very euphuistic language says," etc. "A more disingenuous and misleading statement of the evidence could not well be made." "It is substantially untrue, and unwarranted." "The decision seems to us to be a travesty of the evidence." It was held that counsel drafting petition was guilty of contempt committed in face of court, notwithstanding a disavowal of disrespectful intention. McCormick v. Sheridan (1888) 20 P. 26, 3 Cal.Unrep. 39; McCormick v. Sheridan (1888) 20 P. 24, 3 Cal.Unrep. 35.

*25560 Direct contempt is that committed in the immediate view and presence of the court or of the judge in chambers. In re Marcus (App. 6 Dist. 2006) 41 Cal.Rptr.3d 861, 138 Cal.App.4th 1009. Contempt ☞2

An attorney commits a direct contempt when he impugns the integrity of the court by statements made in open court either orally or in writing. In re White (App. 3 Dist. 2004) 18 Cal.Rptr.3d 444, 121 Cal.App.4th 1453. Contempt ☞10

The inclusion of a contemptuous statement in a document filed in a court is a contempt committed in the immediate presence of the court and thus constitutes a direct contempt. In re White (App. 3 Dist. 2004) 18 Cal.Rptr.3d 444, 121 Cal.App.4th 1453. Contempt ☞6

Willful failure to comply with an order of the court constitutes "contempt." In re Rubin (2001) 108 Cal.Rptr.2d 593, 25 Cal.4th 1176, 25 P.3d 1075. Contempt ☞20

Willful failure to comply with an order of the court constitutes "contempt." In re Garland (2001) 108 Cal.Rptr.2d 591, 25 Cal.4th 1172, 25 P.3d 1074. Contempt

© 2007 Thomson/West. No claim to original U.S. Govt. works.

☞20

Defense counsel's failure to comply with Supreme Court's order to file defendant's opening appellate brief by certain date was an act occurring within immediate view and presence of court and constituted direct contempt; attorney was aware of and had ability to comply with order, and her failure to do so was willful. In re Grayson (1997) 64 Cal.Rptr.2d 102, 15 Cal.4th 792, 937 P.2d 645. Contempt ☞20

Court punished newspersons for direct contempt where their refusal to answer questions occurred in court's immediate presence. In re Willon (App. 6 Dist. 1996) 55 Cal.Rptr.2d 245, 47 Cal.App.4th 1080, rehearing denied, review denied. Witnesses ☞21

Direct contempt may be punished summarily, but court must state the facts on which order is based with sufficient particularity to demonstrate on its face, without the aid of speculation, that the conduct constituted a legal contempt. In re Willon (App. 6 Dist. 1996) 55 Cal.Rptr.2d 245, 47 Cal.App.4th 1080, rehearing denied, review denied. Contempt ☞52; Contempt ☞63(4)

Contempt committed in immediate view and presence of court, known as "direct contempt," may be treated summarily, and all that is required is that an order be made reciting facts, adjudging the person guilty, and prescribing the punishment. Rosenstock v. Municipal Court of Los Angeles Judicial Dist. (App. 2 Dist. 1976) 132 Cal.Rptr. 59, 61 Cal.App.3d 1. Contempt ☞52

*25561 A direct contempt order is valid only if it recites facts with sufficient particularity to demonstrate on its face that petitioner's conduct constituted a legal contempt. In re Buckley (1973) 110 Cal.Rptr. 121, 10 Cal.3d 237, 514 P.2d 1201, certiorari denied 94 S.Ct. 3202, 418 U.S. 910, 41 L.Ed.2d 1156. Contempt ☞63(4)

An attorney commits a direct contempt when he impugns the integrity of the court by statements made in open court either orally or in writing. In re Buckley (1973) 110 Cal.Rptr. 121, 10 Cal.3d 237, 514 P.2d 1201, certiorari denied 94 S.Ct. 3202, 418 U.S. 910, 41 L.Ed.2d 1156. Contempt ☞10

Power to adjudicate a direct contempt is necessarily of an arbitrary nature and should be used with great prudence and caution and judge should bear in mind that he is engaged, not so much in vindicating his own character, as in promoting respect due to administration of laws. Mowrer v. Superior Court In and For Los Angeles County (App. 2 Dist. 1969) 83 Cal.Rptr. 125, 3 Cal.App.3d 223. Contempt ☞39

The power to adjudicate a direct contempt is necessarily of an arbitrary nature, and should be used with great prudence and caution. Lyons v. Superior Court In and For Los Angeles County (1955) 43 Cal.2d 755, 278 P.2d 681, certiorari denied 76 S.Ct. 121, 350 U.S. 876, 100 L.Ed. 774

. Contempt ☞30

Failure of mother to comply with court order to bring minor into court constituted direct contempt, and hence court properly found her guilty of contempt, notwithstanding contempt proceeding was not initiated by affidavit, where mother was given opportunity before order was made to explain reasons of her failure to obey order. Ex parte Carr (App. 1 Dist. 1944) 65 Cal.App.2d 681, 151 P.2d 164. Child Custody ☞862

Filing points and authorities on demurrer, with clerk, containing inferable innuendo that judge was acting corruptly in interest of adversary, constituted direct contempt punishable summarily. Blodgett v. Superior Court of Santa Barbara County (1930) 210 Cal. 1, 290 P. 293. Contempt ☞52

Attorney, who presented to judge in open court a scandalous affidavit in support of application for change of judges, committed contempt in presence of court, within § 1211, providing that, where a contempt is committed in the presence of the court, it may be punished summarily, etc., notwithstanding provision of this section defining contempt, and, therefore, court could proceed summarily or by citation to show cause and could allow showing in defense, extenuation, or mitigation. Lamberson v. Superior Court of Tulare County (1907) 151 Cal. 458, 91 P. 100. Contempt ☞52

*25562 **6. Constructive or indirect contempt, generally**

An indirect contempt finding may not be based upon an oral ruling of the court. In re Marcus (App. 6 Dist. 2006) 41 Cal.Rptr.3d 861, 138 Cal.App.4th 1009. Contempt ☞20

Contempt that occurs outside the presence of the court is indirect contempt, which is also known as constructive contempt. In re Marcus (App. 6 Dist. 2006) 41 Cal.Rptr.3d 861, 138 Cal.App.4th 1009. Contempt ☞2

Disobedience of lawful order of the superior court is constructive contempt. Ketscher v. Superior Court of Fresno County (App. 5 Dist. 1970) 88 Cal.Rptr. 357, 9 Cal.App.3d 601. Contempt ☞20

If a person by false charges against a court does directly interfere with the administration of justice, he may be punished for a constructive contempt and the constitutional guaranty of freedom of speech will not protect him, but before he can be so punished, the false charges must be of such nature that they not only have a reasonable tendency to obstruct justice, but must also constitute a clear and present danger to the administration of justice. Turkington v. Municipal Court of City and County of San Francisco (App. 1 Dist. 1948) 85 Cal.App.2d 631, 193 P.2d 795. Constitutional Law ☞90.1(3); Contempt ☞8

Resolution of traffic and highway committee of chamber of commerce, published in newspapers of San Francisco,

© 2007 Thomson/West. No claim to original U.S. Govt. works.

seeking removal of the judge of the traffic court in effect amounting to a criticism of the judge's general attitude toward traffic regulations, the public officers whose duty it was to enforce them, and charging that he favored certain traffic offenders, further charging that his actions had "lessened his efficiency and his dignity and that he ought to be removed as unsuited to the duties required of him", did not constitute an "imminent peril to the orderly administration of justice" so as to authorize conviction of members of the committee of either direct or constructive contempt of court. Turkington v. Municipal Court of City and County of San Francisco (App. 1 Dist. 1948) 85 Cal.App.2d 631, 193 P.2d 795. Contempt ☞8

Disobedience of witness to subpoena requiring him to give deposition in pending action before notary constitutes "constructive contempt." Dreher v. Superior Court of Riverside County (App. 1932) 124 Cal.App. 469, 12 P.2d 671. Pretrial Procedure ☞73

*25563 Legislature could provide procedure for hearing and determination of cases of constructive contempt. Briggs v. Superior Court of Los Angeles County (1931) 211 Cal. 619, 297 P. 3. Contempt ☞61(1)

Section 170, prohibiting judge from passing on his disqualification was applicable to constructive criminal contempt proceeding. Briggs v. Superior Court of Los Angeles County (1931) 211 Cal. 619, 297 P. 3. Judges ☞51(4)

Court has inherent power to punish for contempt, though committed out of its presence, notwithstanding statute. In re Shuler (1930) 210 Cal. 377, 292 P. 481. Contempt ☞30

Court cannot punish for contempt occurring out of judge's presence unless definite order is violated. Jones v. Superior Court of Cal. in and for Los Angeles County (App. 2 Dist. 1928) 88 Cal.App. 253, 262 P. 1098. Contempt ☞21

To constitute a constructive contempt for failure to obey an order carrying into effect a final decree after going down of remittitur, there must have been an omission to perform an act which was required by the terms of the original order. Hotaling v. Superior Court, City and County of San Francisco (1923) 191 Cal. 501, 217 P. 73. Contempt ☞21

"Constructive contempt" is one committed beyond presence of court. Frowley v. Superior Court of Modoc County (1910) 158 Cal. 220, 110 P. 817. Contempt ☞2

Failure to comply with order directing husband to make delinquent alimony payments within specified time constitutes "constructive civil contempt." Ruppe v. Superior Court of Los Angeles County (App. 1932) 127 Cal.App. 118, 15 P.2d 197. Divorce ☞269(1)

**7. Civil and criminal contempts**

Distinction between civil and criminal contempt proceedings hinges on the nature of the relief to be afforded; coercive penalties that may be avoided by compliance with the order and are designed to achieve the object of the order remain civil in nature, but punitive measures that cannot be escaped by compliance and are intended to vindicate the authority of the court take on criminal overtones, triggering the due process right to have the prosecuting party bear its full burden of proof as to each element of the crime. Matter of Ivey (App. 2 Dist. 2000) 102 Cal.Rptr.2d 447, 85 Cal.App.4th 793. Constitutional Law ☞273; Contempt ☞3; Contempt ☞4

*25564 A contempt is civil for federal constitutional purposes if the order of contempt ultimately entered allows the contemner to purge the contempt by performing an act completely within the contemner's control; in such circumstances due process considerations are inapplicable. Matter of Ivey (App. 2 Dist. 2000) 102 Cal.Rptr.2d 447, 85 Cal.App.4th 793. Constitutional Law ☞273; Contempt ☞4

If the contemner does not have the power to purge the contempt, the proceedings are deemed criminal. Matter of Ivey (App. 2 Dist. 2000) 102 Cal.Rptr.2d 447, 85 Cal.App.4th 793. Contempt ☞3

Contempt proceedings are characterized as "quasi-criminal," with judgments of conviction governed by rules applicable to criminal cases; however, for purposes of federal due process rights, contempt proceedings are either civil or criminal, depending on nature of proceedings and relief afforded. Gates v. Municipal Court (App. 4 Dist. 1992) 11 Cal.Rptr.2d 439, 9 Cal.App.4th 45, review denied. Constitutional Law ☞273; Contempt ☞40

Contempt charges brought against sheriff who violated state statute concerning pretrial release of arrestees in effort to comply with federal court order capping inmate population at county jail were criminal in nature where sheriff had revised policies allegedly violative of state statute more than eight months prior to filing of contempt charges, none of the contempt counts involved arrestees' release after revised procedures were effected, and presiding judge specifically rejected sheriff's purgation argument, reasoning that sheriff should be punished lest his promise not to repeat violation excuse past wrongful conduct. Gates v. Municipal Court (App. 4 Dist. 1992) 11 Cal.Rptr.2d 439, 9 Cal.App.4th 45, review denied. Contempt ☞3

Pen.C. § 654 prohibiting multiple prosecution applies to the criminal contempt process and bars excessive criminal contempt actions arising out of the same indivisible course of conduct. In re Farr (App. 2 Dist. 1976) 134 Cal.Rptr. 595, 64 Cal.App.3d 605. Contempt ☞38

If action in which person is subpoenaed as a witness is later terminated it would no longer be possible for person to testify therein or perform act he was previously ordered to

© 2007 Thomson/West. No claim to original U.S. Govt. works.

CA CIV PRO § 1209, Acts or omissions constituting; stay of sentence pending appeal    **Page 16**

perform and he could not be punished for a civil contempt, but court may impose punishment for criminal contempt committed therein if proper procedural safeguards are preserved and evidence is sufficient. Morelli v. Superior Court of Los Angeles County (1969) 82 Cal.Rptr. 375, 1 Cal.3d 328, 461 P.2d 655. Witnesses ☜⇒21

© 2007 Thomson/West. No claim to original U.S. Govt. works.